## WINTER vs. PHELAN.

[ASSUMPSIT ON COMMON COUNTS FOR HAY SOLD AND DELIVERED,]

1. *Erroneous admission of evidence cured by instructions to jury.*—Although the admission of improper evidence is not cured, by a charge which leaves it discretionary with the jury to disregard it if they choose; yet a charge, which instructs them, in effect, notwithstanding such evidence, to find for the party against whose objection it was admitted, as to the single point on which it could have any possible bearing, cures the error of its admission.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

NAT. HARRIS, for the appellant.

WATTS, JUDGE & JACKSON, contra.

CHILTON, C. J.—Phelan brought assumpsit against Winter for, say, six hundred dollars, for hay sold and delivered to him, and proved on the trial that he had sold and delivered to him (Winter) about fifty tons of hay, worth, at Wetumpka, the place where the sale was made, twenty dollars per ton. Winter introduced a witness, who testified, that in

a conversation had with the plaintiff before the suit was brought, said plaintiff told him (the witness), that plaintiff had been very liberal to defendant, as he had agreed to let defendant have hay at the original cost of the same at the north, where plaintiff had bought it, with the cost of transportation of the same from the north added ; that this declaration was made in a casual or accidental conversation which witness had with the plaintiff, and that he (the witness) did not know whether the said hay was sold and delivered under any such special contract or not. This was all the proof tending to show a special contract. There was no proof tending to show in which one of the northern States the plaintiff bought the hay, or what he paid for it ; but the evidence tended to show that it had been shipped from the north to Wetumpka, *via* Mobile. The plaintiff was allowed to prove, against the defendant's objection, the price of hay in the cities of New York and Boston, two large commercial marts in the north where hay was bought and sold, about the time the proof tended to show the hay sold to defendant was shipped to Wetumpka from the north.

The court, in effect, charged the jury, at the request of the defendant, that if the hay sued for was sold under a special contract that the defendant was to pay the plaintiff for the same what it cost the plaintiff at the north, with the cost of transportation added, the plaintiff could not recover. This charge, which was asked by the defendant, and which is specific, setting out the proof, distinctly makes the recovery depend upon whether the hay was sold under the special contract proved ; inasmuch as it assumes, that if it was bought by the defendant under the special contract, the jury should find for the defendant, notwithstanding the other proof. If, therefore, we concede that the proof objected to was improperly admitted (a point which we do not decide), its admission could not have injuriously affected the defendant.

We fully concede the correctness of the doctrine laid down in Hunley v. Carlisle, 15 Ala. 625-6, that the admission of improper evidence is not cured by a charge from the court which leaves it discretionary with the jury to disregard such evidence if they choose : they must be left no discretion on

the subject. Such we consider the effect of the charge in this case. We are distinctly informed, that there was no proof in which one of the northern States the hay sued for was purchased by plaintiff, or of what he had paid for it; and the charge, in positive and direct terms, tells the jury that, in the absence of such proof, if they find that the hay was sold under the special contract, notwithstanding the proof of the price of the hay in New York and Boston about the time the hay was shipped to Wetumpka, and the cost of shipping it, they must find for the defendant. It is clear that the jury must either have found that the hay was not bought under the special contract, or have disregarded the charge given them by the court. We cannot presume they did the latter; and if they did, it furnished ground for a new trial, and is not reached upon error.

As the error complained of could not have worked an injury to the appellant, the judgment must be affirmed.