# WILLS & HOBBS *vs.* RAND'S ADM'RS.

[ISSUE AS TO INSOLVENCY OF DECEDENT'S ESTATE.]

1. *Rejection of claim against estate; re-hearing discretionary.*—It is discretionary with the probate court, having rejected a claim filed against

an estate which has been reported, but not decreed insolvent, to grant a re-hearing as to the rejected claim, at the instance of the creditor by whom it was filed, after the issue of insolvency *vel non* has been argued and submitted for decision, but before the decision thereon has been pronounced, and to order it to be reinstated as a claim against the estate.

2. *Proof of payments by administrator.*—On the trial of an issue as to the insolvency of an intestate's estate, between the administrator and contesting creditors, the validity of payments made by the administrator not being strictly within the issue, the same fullness of proof is not required, as when those payments are presented for final adjudication on their merits; nor can the contesting creditors complain, on error, that the administrator was not required to prove those payments otherwise than by the production of the receipts, when the record shows that the ruling of the court, even if erroneous, was without injury to them, if not beneficial, by increasing the assets of the estate.

3. *Presumption in favor of ruling of primary court.*—In a case before the probate court, where the correctness of the ruling of the primary court depends on the proof, and the record does not purport to set out all the evidence on which the probate judge acted, the appellate court will presume that his decision was justified by the evidence.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Walter R. Rand, deceased, on the trial of an issue of insolvency *vel non*, between the administrators and Wills & Hobbs, contesting creditors. The intestate died in June, 1864. Letters of administration on his estate were granted by said probate court, on the 14th November, 1864, to his widow, Mrs. Sarah C. Rand, who, in November, 1865, married James C. Taylor. On the 12th February, 1866, said Taylor and wife, as administrator and administratrix, reported the estate insolvent, and filed with their report schedules showing the assets and debts of the estate. The report of insolvency was contested by Wills & Hobbs, who had filed a claim against the estate, which was included in the schedule of debts filed by the administrators. The issue of insolvency *vel non* was tried before the probate judge, without the intervention of a jury, at the June term, 1866, of said probate court. On the trial of said issue, several exceptions were reserved by the contesting creditors to the rulings of the probate judge, which are now assigned as error. All the material facts,

relating to these several exceptions, are stated in the opinion of the court.

GEO. W. GAYLE, and WM. E. BOYD, for appellants.
ALEX. WHITE, contra.

JUDGE, J.—A claim against the estate of the decedent, for ninety thousand dollars, in favor of Bender & Waller, had been presented to the administrators, and included in their list of claims against the estate. The contesting creditors moved the court to reject this claim, on the ground of its invalidity as a charge against the estate; which motion was granted by the court. Subsequently, and after the issue as to the solvency or insolvency of the estate had been argued and submitted, but before any decision had been rendered, Bender & Waller, who were not contestants, moved the court for a re-hearing as to their claim; which motion the court granted, and, after receiving evidence in relation to it, reinstated it on the list. It is contended, that this action on the part of the court was erroneous.

It was certainly within the power of the court, at any time before a final decree had been rendered, and while the cause was under consideration, to retract an opinion, correct an error, or permit additional or explanatory evidence to be adduced, in relation to any matter legitimately connected with the issue before it. Such a power exists in all courts, and its judicious exercise is often indispensable to the attainment of justice; but, whether it should be exercised in any case, or not, is a matter of discretion with the court, under the particular circumstances of the case, and its exercise is not revisable on appeal.—*Donnell v. Jones,* 17 Ala. 689; *Winter v. Phelan,* 27 Ala. 649; *Florey v. Florey,* 24 Ala. 241.

The fact that the re-hearing granted by the court was at the instance of persons not strictly parties to the contest, if an irregularity, is not a reversible error.

2. In "schedule A" of the report of the administrators, after stating the amount on hand in Confederate funds and securities, the administrators deduct therefrom the amount of ninety-two thousand dollars, as having been paid out by

them in Confederate currency, in the extinguishment of debts against the estate. The vouchers for these payments consisted of notes of the deceased, with receipts of payment to the administrators, and accounts verified by affidavit, with like receipts. The contestants insisted, that the administrators should be required to make proof of the payment of these notes and accounts, severally, other than the production of the receipts of payment, or that they should be required to make proof of the signatures to the receipts.

The issue in the proceeding was, the insolvency of the estate *vel non ;* and the inquiry as to whether or not the administrators were entitled to the payments which they had made, in discharge of debts against the estate, was without the issue. In a proceeding like the present, it is not a proper office of the court, to make final adjudication upon the correctness or validity of claims or payments that may be incidentally involved ; nor should the same strictness and fullness of proof as to their validity be required, as when they are up for final adjudication on their merits, in an appropriate proceeding for that purpose. As to the particular payments under consideration, we remark further, that the ruling of the court in relation to them was beneficial to the contestants, in this : If the payments were made in Confederate currency, a large amount of indebtedness against the estate was extinguished by the use of that which has since become worthless ; consequently, the capacity of the estate for the payment of its remaining debts has been increased. If the court, then, erred in its ruling upon this question, it was error without injury.

3. An exception was taken to the ruling of the court, in refusing to require an alleged interest of the estate in a tract of land which had been purchased by the intestate from Bender & Waller, and which, it is contended, was the foundation of the claim against the estate for ninety thousand dollars, to be included in the schedule containing a description of lands belonging to the estate. If the estate owned any interest in this tract of land, it certainly should have been included in the schedule. Evidence was intro-

duced, showing a contract of purchase by the intestate from Bender & Waller, with stipulations on the part of the vendors to convey a title, upon conditions to be performed at a future day, and showing the value of the land; but the bill of exceptions does not purport to set out all the evidence, on which the probate judge acted in overruling the motion of the contestants as to this matter; and we must presume in favor of its correctness. The rule has been frequently announced, and acted upon by this court, that "in probate cases, where the correctness of the ruling of the primary court depends on the proof, and the record does not purport to set out all the evidence on which the probate judge acted, the appellate court will presume that his decision was justified by the evidence."— *Ward v. Cameron's Adm'rs*, 37 Ala. 691, and cases there cited.

The record does not purport to set out all the evidence on which the court acted in allowing the claims of Bender & Waller, of the estate of Davis, and of N. G. Rand; nor as to the matter of the exception relating to the allowance of claims against the estate, alleged to have been paid. Consequently, as to all these matters, we must presume in favor of the correctness of the rulings of the court below.

Some evidence is set out in the record, relative to the amount of corn, cotton, and fodder, on the plantation in the fall of 1864; but no action of the court was asked or had upon this evidence, so far as the record discloses, and there is no effective purpose for which we can consider it.

Decree affirmed.

BYRD, J., did not sit in this case, being interested as a creditor of the estate.