### STATE v. DONALDSON.    (4 Div. 56.)

(Supreme Court of Alabama.    May 3, 1923.)

1. Taxation ⊛493(1)—All costs taxed against court of county commissioners, when taxpayer prevails on appeal to circuit court in assessment proceeding.

Revenue Act 1919, § 101, as amended Acts 1920, p. 152, fixes compensation for serving notices on appeal in tax assessments before the court of county commissioners, directs by whom subpœnas, etc., shall be served, and provides for payment of compensation by the court in case of a decision in favor of the taxpayer, but in case of a decision against him directs that a "judgment shall be entered in favor of the state and county" and against the taxpayer for "all costs" incurred for which execution may issue as in civil cases. Section 108 requires the taxpayer on appeal to the circuit court to give a bond to pay all costs created thereby and to abide and perform the judgment rendered, and that the trial on such appeal shall be de novo. The style of the case in the court of commissioners, as prescribed by section 102, names the state and county as plaintiff against the taxpayer as defendant. Held, that section 101 does not mean that the compensation shall be paid by commissioners personally, but out of county funds; that the costs created in the commissioners' court followed the cause on appeal; that both the state and county sharing in the taxes were interested in the result in such a case wherein they both are parties appearing by attorney as recited in the judgment, and the proceeding was from its very nature a civil suit, and Code 1907, § 3662, as amended by Acts 1915, p. 598, providing the successful party in civil actions is entitled to full costs for which judgment must be rendered, applies to taxation of costs on the appeal to the circuit court, and hence was not error to tax all costs incurred in the cause against the county commissioners where the taxpayer prevailed on the appeal.

2. Appeal and error ⊛880(3)—On appeal in proceedings to fix taxable value of property, state cannot complain of assessment of costs to county.

In a proceeding to fix the taxable value of property on appeal, after a trial de novo in a circuit court which resulted in a judgment in favor of the property owner, the state alone cannot complain of the taxation of costs to the county.

3. Appeal and error ⊛907(4)—In absence of evidence, presumptions are in favor of the judgment.

When the record does not contain all the evidence, the appellate court will presume that the judgment is based on facts properly ascertained.

4. Evidence ⊛113(5)—Exclusion of evidence of tax values of surrounding lands held not error, in proceeding to establish taxable value.

In a proceeding to determine taxable value of property, where the landowner has testified that the lands of his neighbors are the same

general quality and character, except that there were differences in the branches, swamps, and hillsides, the court did not err in excluding evidence that values of adjoining lands were approximately the same as the valuation made by the tax adjuster on the lands of defendant, since such testimony did not tend to prove the reasonable and fair cash value of the land involved.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Proceeding to assess land of J. M. Donaldson for taxation. From the assessment and payment rendered taxing the costs against the county commissioners, the state appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. W. Sanders, of Elba, for the State.

A judgment must respond to the issue. There being no evidence that the defendant had paid his taxes, it was error to direct payment back by the tax collector of an excess, with interest. Cent. of Ga. v. Carlock, 196 Ala. 659, 72 South. 261. The trial court has no jurisdiction to adjudge costs, save where authorized by statute, and in no case can a court adjudge costs against one not a party to the record. 5 Ency. P. & P. 110; Lee v. Smyley, 16 Ala. 773; Dent v. State, 42 Ala. 514; City Council v. Foster, 54 Ala. 62; Tillman v. Ward, 58 Ala. 578; State v. Brewer, 59 Ala. 130.

M. A. Owen, of Elba, M. S. Carmichael, of Montgomery, and Fleming & Yarbrough, of Enterprise, for appellee.

The county is a party to the litigation, and taxation of cost against it was not improper. Acts 1919, §§ 101, 104, 108, pp. 315, 318; Clark v. Eagerton, 207 Ala. 491, 93 South. 455. It is not disclosed by the record that appellee had not paid his taxes, and the judgment directing payment back was not error. Acts 1919, p. 317; Walker v. Fletcher, 16 Ala. App. 218, 77 South. 56; Knights of Macabees v. Gillespi, 14 Ala. App. 493, 71 South. 67.

MILLER, J. The tax adjuster of Coffee county fixed the taxable value of 360 acres of land belonging to J. M. Donaldson at $8,400 on October 1, 1920. The taxpayer, J. M. Donaldson, objected to this valuation fixed by the county tax adjuster, and took an appeal therefrom to the court of county commissioners of Coffee county. The court of county commissioners, upon consideration of the appeal, ordered and fixed the valuation of the land at the same amount ($8,400) as fixed by the tax adjuster; the valuation fixed by him being confirmed by the court on February 16, 1922. The taxpayer, Donaldson, on March 14, 1922, appealed from that judgment to the circuit court of Coffee county, and demanded a jury trial in the circuit

court. The jury fixed the assessed value of the 360 acres of land at $6,120; same being fixed at 60 per cent. of the fair and reasonable cash value of the land on October 1, 1920. On May 5, 1922, the court rendered judgment in accordance with the verdict of the jury, and in said judgment the court taxed all costs against the court of county commissioners of Coffee county and directed payment thereof to be made by them as provided by law. This appeal is by the state of Alabama from that judgment.

[1] The error first assigned and insisted on is that the court erred in its judgment of May 5, 1922, in taxing all costs incurred in this cause against the court of county commissioners of Coffee county. The intent and purpose of the judgment for cost is to tax it against Coffee county, and to direct it to be paid by the court of county commissioners. Section 101 of the Revenue Act of 1919, p. 315, and as amended Acts 1920, p. 152, fixes the amount of compensation for serving notices on appeal in tax assessments by the taxpayer before the court of county commissioners, directs by whom the notices, subpœnas, etc., shall be served, and also provides, in the event the appeal is decided in favor of the contention of the taxpayer, that the compensation shall be paid by the court of county commissioners. This does not mean it shall be paid by the members of the court personally, but that it shall be paid by them out of the funds of the county.

It is true the commissioners decided the issue against the taxpayer, and in that event it is directed that judgment shall be entered in favor of the state and county and against such taxpayer for all costs incurred in such proceedings, for which execution may issue as in civil cases. When the taxpayer appeals from this judgment to the circuit court, he must give bond with sureties, conditioned to pay all the costs created by the appeal, and to abide and perform the judgment rendered in the premises. Section 108, Rev. Act 1919, p. 317. The cost created in the trial in the commissioners' court follows the cause on appeal into the circuit. In the circuit court the trial is de novo. Section 108, Rev. Act 1919, p. 317. Both the state and the county are interested in the result of the suit; both share in the taxes from the property of the taxpayer, the defendant; both are parties to this suit. The judgment entry states:

"Came the state of Alabama, and the county of Coffee by attorney, and also came the defendant in person and by his attorney, and issue being joined upon the valuations by the tax adjuster, Hon. J. O. Snellgrove," etc.

Section 102 of this Revenue Act states how the case shall be styled, viz.: State of Alabama and County of Coffee, Plaintiff, v. J. M. Donaldson, Defendant.

The judgment entry declares, and section 102 shows, the county as well as the state is a party to the cause, and each is interested in the result of the proceeding.

Section 101 as amended Acts 1920, p. 152, expressly provides that the court of county commissioners may be required to pay the compensation of the officer for serving papers, etc., in the event the appeal is decided in favor of the contention of the taxpayer. Section 101, Gen. Rev. Act 1919, p. 315.

This is in its very nature a civil suit, with the state of Alabama and county of Coffee as plaintiffs, and the taxpayer, Donaldson, as defendant. Section 3662, Code 1907, as amended Acts 1915, p. 598, reads in part:

"The successful party in all civil actions is entitled to full costs for which judgment must be rendered, unless in cases otherwise directed by law, or by the judgment of the court. The court may apportion the costs at his discretion as justice and equity may require; and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors."

This statute is applicable to, controls, and governs the taxation of the cost in this proceeding in the circuit court. The court did not err in taxing the court of county commissioners of Coffee county with the court cost, and directing that it be paid by the county commissioners, as required by law—meaning out of the funds of Coffee county. Section 3662, Code 1907, as amended Acts 1915, p. 598.

[2] The state of Alabama cannot complain at this part of the judgment. It alone assigns it as error. It is not taxed with this cost. The judgment would be more equitable if the costs had been apportioned by the court between the two interested and unsuccessful plaintiffs, but Coffee county does not appeal, assigns no errors, and makes no complaint. The state also assigns as error this part of the judgment of the court:

"And it appearing to the court that the assessment value of said property as ascertained and fixed above is $2,280, less than taxable value fixed by the tax adjuster for the said year, and that the defendant, J. M. Donaldson, having paid his taxes upon said assessment for the year 1920–21, is entitled to be paid back the amount of taxes paid by him in excess of the total value fixed above $6,120; it is hereby ordered and adjudged by the court that the tax collector of said county upon the certificate by the clerk of this court pay back to the said defendant the sum of $41.04, with interest from the date of payment made by the defendant; the said tax collector is hereby authorized and directed to pay back to said defendant said sum and credit himself therefor said amount, as an error in assessment upon settlement with the state and county authorities."

[3] It is true there is an entire absence of evidence in the bill of exceptions in the record that defendant paid his taxes due at the assessed valuation for such preceding year; but this was not necessary. The bill of exceptions sets out all and only the evi-

209 Ala.—26

dence before the jury on the issue in the case; and this was not involved in the issue before the jury. After the verdict of the jury it became the duty of the court to ascertain that fact and render judgment accordingly. It was not necessary for the court to do so before the verdict of the jury. This bill of exceptions did not attempt to set out any evidence before the court after the verdict on this subject. To uphold the judgment of the court we will presume on appeal, the record being silent on the subject, that the court, after the verdict was rendered by the jury, ascertained and determined the amount of taxes so paid by the taxpayer, and rendered that part of the judgment on the facts. Wills v. Rand, 41 Ala. 198; Lamar v. King, 168 Ala. 285, 53 South. 279; 1 Michie, Dig. 506, § 907 (4).

Section 108 of the Revenue Act 1919, p. 317, requires on these appeals to the circuit court the taxpayer shall, when the taxes are due, pay all taxes due at the assessed valuation of such preceding year. If judgment is rendered on the verdict of the jury at a less amount than the assessed value on which the taxpayer has paid taxes for the year in question, it becomes the duty of the court then to ascertain and determine the amount of taxes so paid by the taxpayer, and enter it of record, and it shall be certified by the clerk of the court to the tax assessor, and the taxpayer shall be entitled to be paid back the amount in excess of his taxes actually due, by the tax collector; and the tax collector shall have credit therefor as an error in assessment on his settlement with the state and county authorities. The state and county and the taxpayer were before the court as parties to the cause. They were the parties interested in the tax and settlement. The judgment of the court substantially follows the statute, except it includes interest on the $41.04, which is not authorized by the statute; and this point is not presented in brief. Section 108, Gen. Rev. Act 1919. p. 317. We will presume it is based on facts ascertained by the court after the verdict of the jury, as the statute requires; nothing appearing in the record to the contrary. Authorities, supra.

The real question before the jury was to determine the fair and reasonable cash value of the 360 acres of land on October 1, 1920, and then to fix 60 per cent. of that valuation as the assessment value of the land for taxation for the tax year, beginning October 1, 1920, and ending October 1, 1921. Section 7, Gen. Rev. Act 1919, p. 287; State v. Brintle, 207 Ala. 500, 93 South. 429.

[4] The defendant testified:

"These lands of my neighbors are of the same general quality and character as my lands. Yes; comparatively speaking, it is; of course, there is difference in the branches, swamps, and hillsides, and such as that. Mr. J. C. Donaldson is my brother and his lands join mine."

At this point plaintiff asked witness how many acres his brother had, to which question the court sustained objection. The plaintiff offered to show by the witness:

"That the tax values of the lands of his brother, the adjoining land and adjoining landowners, are approximately the same as the valuation made by the tax adjuster upon the lands of the defendant."

The court sustained objection to this, and the state duly excepted to these rulings of the court. The evidence shows the adjacent lands were of the same general quality and character as defendant's land, but there is a difference in branches, swamps, hillsides, and such as that. Branches, hillsides, and swamps add to and sometimes detract from the value of land, according to their location and the purposes for which they can or cannot be used for the benefit of the owner. We must hold the court did not err in sustaining the objections of the defendant to this proposed evidence; such testimony did not tend to prove the fair and reasonable cash value of this 360 acres. There was no evidence offered that the adjoining land of defendant's brother was similarly situated, circumstanced, and located with the land of defendant; that they were like defendant's land in soil; that the improvements on each were similar; and that some of the adjacent lands of his brother, similar in soil, similarly situated, and improved as his, had been sold for cash about the first of October, 1920. State v. Brintle, 207 Ala. 500, 93 South. 439; T. C. I. Co. & R. Co. v. State, 141 Ala. 103, 37 South. 433.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.