## STATE et al. v. PAGE. (4 Div. 838.)

(Court of Appeals of Alabama. June 26, 1923.)

1. Appeal and error ⊜⇒374(4)—County appealing in corporate capacity must file appeal bond under statute.

Under Code 1907, § 2872, requiring either security for costs or a bond on appeal in civil cases, though the state is exempt under section 2440, the county when appealing in corporate independent capacity must comply.

2. Appeal and error ⊜⇒374(4)—County involuntarily joined with state in proceeding to adjust value of property for taxation not acting in corporate capacity and hence not subject to statute requiring appeal bond.

Where a county is involuntarily joined with the state in a proceeding to adjust the value of property for taxation, it does not act in its corporate capacity, and hence is not subject to Code 1907, § 2872, requiring bonds on appeal.

3. Counties ⊜⇒1—Nature stated.

A county is not an ordinary business corporation, but a civil or political division of the state, with limited and defined powers, and as such is an agent or auxiliary in the administration of civil government.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, County.]

4. Taxation ⊜⇒493(1)—Proceeding to fix and adjust the values of property for taxing purposes held to be a proceeding in rem governed, so far as applicable, by rules for time of civil actions.

A proceeding to fix and adjust the values of property for taxing purposes is a proceeding in rem between the sovereign and the citizen, sui generis, and governed, in so far as applicable, by the rules for the trial of civil actions, under Acts 1919, p. 319, § 138.

5. Appeal and error ⊜⇒374(4) — State and county held conjunctive parties in tax proceeding, so that exemption of state from giving appeal bond is shared by county.

Under Acts 1919, p. 317, § 108, allowing appeal by taxpayer for adjustment of assessment which takes both the state and county into the circuit court, from which either party may appeal, and section 102, designating the state and county as "plaintiff," the right of appeal is given the state and county conjunctively, and the state's exemption, under Code 1907, § 2440, from furnishing an appeal bond, is shared by the county; its participation being involuntary.

6. Taxation ⊜⇒493(6)—Taxpayer's bond from court of county commissioners may be conditional.

Under Acts 1919, p. 317, § 108, requiring the taxpayer to give bond conditioned to pay all costs on appeal from the court of county commissioners in tax adjustment proceeding, such bond need not provide unconditionally for payment of costs in event of taxpayer's success.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Taxation** ⟋493(1)—**Successful party on appeal from court of county commissioners in tax adjustment proceeding entitled to full costs.**

Under Code 1907, § 3662, the successful party on an appeal from the court of county commissioners in a tax adjustment proceeding is entitled to judgment, including full costs.

**8. Costs** ⟋240—**County involuntarily joined in tax proceedings need not pay appeal costs.**

On appeal by the state in a proceeding to fix and adjust property values for taxing purposes, the county having been involuntarily joined, the state must pay the costs when the taxpayer is successful.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Proceeding to assess property of B. W. Page for taxation. From the judgment the state and county appeal. Affirmed.

W. W. Sanders, of Elba, for appellants.

The bond of the taxpayer is required by the statute to be conditioned to pay all costs created by the appeal. Acts 1919, § 108, p. 317; 15 C. J. 221. The judgment against the county for costs was error. 5 Ency. P. & P. 110; Lee v. Smyley, 16 Ala. 773; Dent v. State, 42 Ala. 514; City Council v. Foster, 54 Ala. 62; Tillman v. Wood, 58 Ala. 578; State v. Brewer, 59 Ala. 130.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellee.

It is not required that the taxpayer bind himself to pay cost of appeal in any event. State v. Donaldson, 209 Ala. 400, 96 South. 617.

SAMFORD, J. From the judgment in the circuit court fixing the assessment of taxable values in accordance with the contention of the taxpayer the state and county file the following:

"And now come the plaintiffs in said cause and separately and severally appeal to the Court of Appeals from the judgment of the court rendered in this cause on the 26th day of September, 1922."

This paper was signed: The State of Alabama and Coffee County, by Harwell G. Davis, Attorney General. No bond was given by either the state or the county in taking the appeal. Motion is now made by the appellee to strike Coffee county as a party appellant on the ground that it had not given bond or security for costs of appeal, as is required by section 2872 of the Code of 1907.

[1-4] It is conceded that as to the state no such bond or security is required. Code 1907, § 2440. It has already been decided by the Supreme Court, in a suit of a similar character (State v. Donaldson [4 Div. 56]

96 South. 617 [1]), that this is in its nature a civil suit, and in effect the suit was in the name of two plaintiffs. It is also provided by section 108, Acts 1919, p. 317, that from the judgment in the circuit courts appeals may be taken by either party "as in civil cases." In civil cases appeals may be taken by the state without giving bond or security. The county, on the other hand, if it appeals, must give the security required by Code 1907, § 2872. State v. Earnest, 123 Ala. 631, 26 South. 948. While this is true where the county acts independently in its corporate capacity, a county is not an ordinary business corporation, but is a civil or political division of the state, with limited and defined powers, and as such is an agent or auxiliary in the administration of civil government. Dillon, Munic. Cor. par. 10; Coms. Court v. Moore, 53 Ala. 25; Simpson v. Lauderdale Co., 56 Ala. 64. As a local governmental institution, it exists for the benefit of the people within its corporate limits and as a part of the state, and its acts and limitations are fixed by the Legislature. 7 R. C. L. p. 925, par. 4. So, in this proceeding the county does not act independently of the state, as in ordinary cases where it sues or is sued, in matters within its grant of powers. Neither is "a proceeding to fix and adjust the values of property for taxing purposes" a mere civil suit, although it partakes of the nature of a civil suit, as was held in State v. Donaldson, supra. It is a proceeding in rem, between the sovereign and the citizen, by and through which a fair and just proportion of the expenses of government may be assessed for payment and the liability of the citizen fixed. The proceeding may be said to be sui generis, governed, in so far as applicable, by the rules laid down for the trial of civil actions.

[5] By section 138, Acts 1919, p. 319, the proceeding is instituted and prosecuted by the Attorney General; the style of the case is State of Alabama and Coffee County, Plaintiff (mark the singular), v. Page, section 102, Acts, supra, p. 316. Section 108 of the Acts, p. 317, provides for an appeal by the taxpayer to the circuit court which appeal takes both the state and county into the circuit court, and from a judgment in the circuit court it is provided that either party may appeal. During all the progress of the proceedings up to this period the county has been carried along as a necessary part of the prosecution, without any volition on its part. Its part in the proceedings is directed and prescribed by the Legislature as a necessary part of the adjusting process. Both the state and county have been designated in the singular number as the plaintiff, and we think the Legislature meant both the state and county conjunc-

---

⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 209 Ala. 400.

tively, when it provided an appeal by the party plaintiff from the judgment of the circuit court. In this proceeding the state and county are indivisible as party plaintiff; the state has entire control of the management of the proceedings, and, being entitled to appeal without security, such appeal carries the county with it. The motion to strike must be overruled.

[6, 7] This brings us to a consideration of the cause on its merits. The appellant contends that the circuit court erred in refusing to grant its motion to dismiss the appeal of appellee in that court on account of the insufficiency of appellee's appeal bond on appeal from the court of county commissioners. The insistence of appellant is that this bond, as required by section 108 of Acts 1919, p. 317, should have been without conditions; the theory being that in any event the taxpayer should pay the costs of appeal to the circuit court. In State v. Donaldson (4 Div. 56) 96 South. 617,[1] the law was held to be otherwise, and in this proceeding, under section 3662 of the Code of 1907, the successful party is entitled to full costs, for which judgment must be rendered. That being the case, the appeal bond given was in conformity with law and the motion to dismiss was properly overruled.

The other questions raised by the assignment of errors are decided and governed by the decision in State v. Donaldson, supra.

[8] We find no error in the record, and the judgment is affirmed. It appearing that the county of Coffee has been brought to this court by and through the action of the state, and without volition on its part, it is ordered that the state of Alabama pay the costs incident to this appeal.

Affirmed.