This is an appeal to review an order of the Circuit Court of Montgomery County granting a preliminary injunction. By that order the defendant, as Director of the Alabama State Personnel Department, was enjoined from filling a vacancy in the position of Director of the Division of Marine Police in the Alabama Department of Conservation and Natural Resources, by means other than by promotion. We reverse and remand.
The suit was brought by the Alabama State Policemen's Association, Inc., a non-profit *Page 960 
domestic corporation. Membership in this Association is composed of law enforcement officers in the State of Alabama, including those of the Department of Public Safety, the Alcoholic Beverage Control Board, and the Department of Conservation. Also, some of the Association members are State Merit System employees who hold permanent status as Conservation Enforcement Officers III and IV. The Association has as one of its purposes: "To advocate and strive for uniform application of the Civil Service Merit System for appointment and promotion."
On March 26, 1976 the plaintiff-Association filed a complaint for "A declaration and construction of Title 55, § 311,"Alabama Code (Recomp. 1958), alleging that it and its members would suffer irreparable harm if the vacancy, described above, were filled by the defendant in the manner described by Merit System Announcement No. 76-55, that is, by a combination of "open-competitive" and "promotional" examination. Plaintiff maintains that its members who hold classifications as Conservation Enforcement Officers are eligible for promotion, and that the existing vacancy is required to be filled by promotion "if practicable." The Association also contends that this method of filling vacancies is required by the established State of Alabama policy for filling senior administrative positions. Plaintiff asserts that it being "practicable" to fill this vacancy by promotion, an "open-competitive" examination register would cause plaintiff and its members to suffer irreparable harm. The irreparable harm, plaintiff argues, would occur because "plaintiff would not have achieved its purpose to secure uniform application of the Civil Service Merit System and in that morale in the law enforcement agencies of the State of Alabama, whose employees are members of plaintiff would be harmed in that incentive to strive for exceptional performance in order to gain promotion would be diluted."
Plaintiff made further allegations attacking the announced qualification for taking the examination as unreasonable, erroneous, subjective, and unequal.
The defendant responded to the two-count complaint by filing a motion to dismiss alleging the plaintiff's failure to state a claim upon which relief could be granted and the lack of a justiciable controversy. Following denial of that motion, defendant filed an answer reiterating as defenses that the complaint failed to state a claim which could be afforded relief and denying that plaintiff was entitled to the relief sought in its complaint.
On April 15, 1976, a hearing was held on a motion for a preliminary injunction, after which the trial court granted the Association's motion for preliminary injunction.
The threshold question presented in this case is whether the incorporated Association has standing to enforce the individual rights of its members. Except for the statement contained in the plaintiff's brief that "representatives of the Association, acting as bargaining agents for the members of the Association, met with the appellant . . .," it does not appear from the record that this suit was grounded on behalf of any person, real or statutory, other than the Association itself. The plaintiff's reference in brief in support of its vicarious right as a bargaining agent for the members does not support plaintiff's conclusion. That reference is to the personnel director's testimony concerning a discussion he had with several Association representatives:
. . . . .
 I pointed out to them, among other things, that we had people apply for this examination in good faith on the basis of the open competitive announcement, and I thought they had some rights in the matter as well as the members of the State Policeman's Association, or employees of the Department.
. . . . .
This language cannot qualify as proof of a bargaining agency, or of a recognition of any such authority. The Association, accordingly, must rely upon its own being for *Page 961 
the standing to maintain this action. In addition, the defendant contends that the Association does not possess the requisite standing in its own capacity.
Rule 17, ARCP, speaks to this point:
 (a) . . . Every action shall be prosecuted in the name of the real party in interest. . . .
The "real party in interest" is the party ". . . who possesses the substantive right being asserted under the applicable law. . . ." Wright Miller, Federal Practice andProcedure: Civil § 1541 at 635.
Reference to Federal Rule 17 (a), which is identical to Alabama's Rule 17 (a), is helpful in clarifying the present issue. Decisions under the Federal Rule 17 (a) have denied to incorporated associations the standing to assert in court the personal rights of its members, absent statutory authority (which is not asserted by the plaintiff here). Statutory authority was asserted in Ala. Independent Service StationAss'n, Inc. v. Shell Petroleum Corp., 28 F. Supp. 386 (N.D.Ala. 1939) and the court, in dismissing the association corporation as a plaintiff, stated:
 The association corporation named shows no legal right to receive compensation for the damages of its members, nor does it have such a property right as an injunction . . . will protect. Its charter power to act for the benefit of its members to prevent violations of laws does not give it capacity to maintain a suit of this kind. . . . The capacity of the association corporation . . . to sue generally is not questioned, but its capacity to enforce the separate property rights of its individual members seems unfounded in any authority or law.
The absence of standing was also used in Farmers Co-op Companyv. Socony-Vacuum Oil Company, 133 F.2d 101 (8th Cir. 1942), to deny to a cooperative oil company the right to maintain an action on behalf of its members to recover damages for violations of the Clayton Act; the same result attended the attempt by a non-profit milk producers corporation to maintain an anti-trust action for treble damages when there was no showing that the claim asserted was that of the organization and not that of its members. South Carolina Council of MilkProducers, Inc. v. Newton, 241 F. Supp. 259 (D.C.S.C. 1965).
Moreover, while it is true, as the defendant states, that both the Alabama Constitution, Article 12, § 240 and Tit. 10, § 70 (2) of the Alabama Code allow corporations the right to sue "in all Courts and like cases as a natural person," these provisions themselves do not grant to corporations, such as the plaintiff, the standing to use the courts to enforce the separate property rights of its individual members.
Plaintiff is correct, that under Tit. 7, § 166, Alabama Code, "no declarations shall prejudice the rights of persons not parties . . ." But this section contemplates situations in which
. . . one or more may not be included when there are parties who represent the merits of the conflict. . . . [Trammel v. Glens Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537 (1953)]. (Emphasis Supplied.)
Since the Association has failed to establish by pleading or proof that it has a substantive right to assert in the selection process utilized by the defendant, and that no joinder or substitution by any real party in interest has accrued as authorized by Rule 17 (a), we conclude that plaintiff has no standing by itself to bring this action. For aught appearing, those of its members presently employed by the Department of Conservation who are eligible for promotion would have standing to contest the personnel director's action. This follows from Tit. 55, § 311, Alabama Code:
 Within the discretion of the director, vacancies in positions shall be filled, insofar as practicable, by promotion from among regular employees holding positions in the classified service . . .
Judicial knowledge, which is authorized in State v. Friedkin,244 Ala. 494, 14 So.2d 363 (1943), is taken of Rule VIII, § 2 of the Rules of the State Personnel Board:
 The Director shall hold competitive promotional examinations which shall be *Page 962 
open only to persons in the classified service who have held for six months or more positions which are determined by the Director to be within the lines of promotion to the class of positions for which the examination is held.
The defendant also contends that because there was no justiciable controversy, the trial court had no power to grant injunctive relief. Since we find that the Association has no standing to maintain this action, we need not reach this issue.
For the failure of standing the case is reversed and remanded with directions to the Circuit Court of Montgomery County to enter an order dissolving the preliminary injunction. Because of the necessity for this action, it is unnecessary to address the other questions presented for review.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.