388 So.2d 903 (1980)
ALABAMA HOSPITAL ASSOCIATION
v.
William W. DILLARD, Jr., Chief Examiner, Department of Examiners of Public Accounts of the State of Alabama.
78-843.
Supreme Court of Alabama.
August 29, 1980.
Rehearing Denied September 26, 1980.
*904 Bruce J. Downey, III, of Capell, Howard, Knabe & Cobbs, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., John Gibbs, Asst. Atty. Gen., for appellee.
SHORES, Justice.
Alabama Hospital Association filed suit in the Circuit Court of Montgomery County against William W. Dillard, Jr., Chief Examiner, Department of Examiners of Public Accounts, seeking a determination that certain good faith expenditures made by public hospital association and public hospital corporation members of the Alabama Hospital Association, pursuant to powers granted them by the Legislature, and in pursuit of both a corporate and public purpose, are not made unlawful per se by application of Sections 68 and 94 of the Constitution of Alabama of 1901.
The Association alleged that its public hospital association and public hospital corporation members were, by legislative action, public corporations; that its members were separate entities from the state and from any local political subdivision including a county or city within which they are located; and that actions taken by its members do not constitute actions taken by a county or city within the meaning of Section 68 and Section 94 of the Constitution. After a hearing was held, the trial court entered an order holding that Sections 68 and 94 do apply to the members of the Alabama Hospital Association. This appeal followed.
The single issue to be resolved in this appeal is a question of law: whether otherwise lawful expenditures made by public hospital associations and public hospital corporations are prohibited by Sections 68 and 94 of the Constitution.
Section 68 reads as follows:
The legislature shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have power to grant any extra compensation, fee, or allowance to any public officer, servant, or employe, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; nor shall any officer of the state bind the state to the payment of any sum of money *905 but by authority of law; provided this section shall not apply to allowances made by commissioners' courts or boards of revenue to county officers for ex officio services, nor prevent the legislature from increasing or diminishing at any time the allowance to sheriffs or other officers for feeding, transferring, or guarding prisoners.
Section 94, as amended, reads as follows:
The legislature shall not have power to authorize any county, city, town or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise. It is provided, however, that the legislature may enact general, special, or local laws authorizing political subdivisions and public bodies to alienate, with or without a valuable consideration, public parks and playgrounds, or other public recreational facilities and public housing projects, conditional upon the approval of a majority of the duly qualified electors of the county, city, town, or other subdivision affected thereby, voting at an election held for such purpose.
We reverse and remand.
The Department of Examiners of Public Accounts contended below and contends on appeal that certain expenditures, even when made in good faith and within corporate powers by public hospital associations and corporations, are unlawful per se by application of the prohibitions contained in Section 68 and Section 94 of the Constitution. The Department contends that the expenditures, though they may be proper business expenditures such as hospital payment for flowers for hospitalized employees and for special events, hospital payment for meals for Board members when they are conducting hospital business, hospital payment of expenses for employee award functions, and hospital payment for employees' Christmas bonuses, are unlawful per se expenditures because they may inure to the benefit of the corporation or another individual within the proscriptions contained in the Constitution. In support of this argument, the Department contends that public hospital associations and public hospital corporations are subdivisions of the state or the counties or municipalities, and that such expenditures, even if otherwise lawful, are prohibited by the Constitution as extra compensation or aid or thing of value to an individual prohibited by Section 68 and Section 94. We disagree.
The powers of public hospital associations and corporations are defined by statute. Section 22-21-1, Code 1975, et seq.
Under these various statutes, public hospitals have the authority to make expenditures within the corporate powers which are necessary and appropriate and consistent with the maintenance of public health services and facilities. Of course, they are not authorized by statute, nor by common law, to exceed the corporate powers, nor may they ignore the fiduciary responsibilities and duties which are an integral part of all corporate existence.
We simply hold, as we have so often, "that a public corporation is a separate entity from the state and from any local political subdivision, including a city or county within which it is organized." Opinion of the Justices, 254 Ala. 506, 49 So.2d 175 (1950). See also Water Works Board of City of Leeds v. Huffstutler, 292 Ala. 669, 299 So.2d 268 (1974).
In Knight v. West Alabama Environmental Improvement Authority, 287 Ala. 15, 246 So.2d 903 (1971), this Court held:
[T]he interdictions of Section 94 have reference to the kind of subdivisions of the State defined as political subdivisions such as the counties, cities, towns and probably certain districts which are endowed with governmental functions or powers, even though limited, and which are supported by and are responsible for the protection of public revenues.... Separate, independent public corporations are not political subdivisions of the State. They are not subdivisions of the State *906 within the meaning of Section 94 of the Constitution, as amended. [287 Ala. at 20, 21, 246 So.2d at 906]
We hold that public hospital corporations and public hospital associations created pursuant to the statutes referred to above are not political subdivisions of the state of Alabama and, thus, lawful expenditures by such public corporations or associations are not proscribed by the Constitution of Alabama.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., concurs in the result.
FAULKNER and BEATTY, JJ., dissent.
TORBERT, Chief Justice (concurring in the result).
Because of the posture of this case and the issue presented for our review, I concur in the result. The Alabama Hospital Association, on behalf of its public hospital association and public hospital corporation members, asserts in a most general way that public corporations are not subject to the proscriptive provisions of Sections 68 and 94 of our Constitution. Nowhere has it been pointed out to this Court by the parties that there are various different statutes under which public hospital corporations and associations are organized. The Alabama Hospital Association refers only to the statutes involving Division 1, of Article 4, Chapter 21, Code of 1975 (§§ 22-21-70 through -83), entitled "Hospital Boards." As pointed out in the dissent of Justice Beatty, this is only one of several statutes authorizing public hospitals; and based upon the particular statutes, the legislature may have intended different results.
Until the issues are better defined and presented, I agree that our case of Knight v. West Alabama Environmental Improvement Authority, 287 Ala. 15, 246 So.2d 903 (1971), controls.
BEATTY, Justice (dissenting):
When is a public hospital corporation tantamount to a private hospital so that the public hospital's operations are not subject to the strictures of Sections 68 and 94 of the Alabama Constitution of 1901? May a county hospital, with hospital funds, purchase liquor, give discounts to its board members, make gifts to persons indirectly associated with the hospital, or pay the private club dues for its employees, as was done in this case by Cullman County Hospital? These are the questions which are presented by this appeal. I cannot agree with the majority of this Court that the single issue before us is whether "otherwise lawful expenditures" made by public hospital associations and public hospital corporations are prohibited by Sections 68 and 94. Posing the issue in that manner, it seems to me, begs the question whether or not the questioned expenditures are lawful in the first instance. The answer to that question depends upon the nature of the hospital's creation, i. e., the character of its being.
The majority concedes that public hospital associations and corporations obtain their powers by legislative enactment. Examination of those statutes, Code of 1975, § 22-21-1 et seq. reveals that the legislature has authorized several different forms of being for hospitals, with varying degrees of "public" character.
Under § 22-21-72, a "public corporation" may be organized to operate a "public hospital" whenever a minimum of three natural persons, the incorporators, make application to a county commission. Corporations organized under this section are governed by a board of directors who serve without compensation, § 22-21-76. These particular "public corporations" have specified corporate powers and other powers incident thereto, § 22-21-77. Hospitals organized under these sections are not agencies of the governmental subdivision which authorized their creation because the terms of the legislation did not make them such. And it is such hospitals, in my opinion, to which the majority direct their attention.
*907 But in an entirely different division of the Code than that in which such public corporations are found are located legislative enactments authorizing the creation of hospital corporations of an entirely different nature. See Division 2, §§ 22-21-100 through -112. Unlike those authorized under § 22-21-72, § 22-21-101 authorizes a county to "designate a hospital corporation in the county as the agency of the county to... operate ... public hospital facilities...." (Emphasis added.) And "[w]hen a hospital corporation has been designated as an agency of the county ... then the proceeds thereafter collected from any such special tax ... for public hospital purposes shall be paid over to said hospital corporation...." (Emphasis added.) § 22-21-102.
Under Article 5, § 22-21-131, incorporated cities and towns are given the power to authorize "public corporations as political subdivisions of the state for the purpose of providing public hospital facilities ...." (Emphasis added.) These corporations likewise have specified incidental powers § 22-21-137, and are governed by boards of directors, § 22-21-135.
Article 6, § 22-21-171, states that city or county hospitals are authorized as public, non-profit corporations, with boards of directors serving without compensation, but with the powers and authority inuring in, or conferred upon, counties in the state of Alabama operating public hospitals.
Thus it is clear that the legislature has authorized the creation of hospital authorities which are not alike. Some are specifically "agencies of the county." Some are specifically "political subdivisions of the state." That language needs no explanation, particularly when it co-exists with language authorizing other instrumentalities not so described. In the case of "county" hospitals, if they are "agencies" of the county, they are acting for the county as the alter egos of the county, and thus derive their authority from their county creators. Since counties are political subdivisions of the state created to aid in the administration of state law for the purpose of local self-government, State v. Page, 19 Ala.App. 303, 97 So. 244 (1923), the hospital, which is created as an "agency of the county" likewise is an "agency of the state."
It has been suggested that all "public hospital corporations" must be allowed to operate in a competitive manner with private enterprise, given the present economic situation and the shortage of trained nurses and other personnel. Without the power to expend public funds for "moral," "goodwill," and "promotional" purposes, it is suggested, public hospitals will lose out in the competition for trained personnel. Conceding arguendo these difficulties, nevertheless, it is also a truism that those who serve in "public" or quasi-public organizations traditionally have not obtained the same perquisites or emoluments available in the private sector. Whether this differentiation is justifiable is a policy decision exclusively relegated to the legislature by our system of government. It is not for this court to impose its will upon the administration of such clearly-defined limitations as the legislature has expressed on this subject. For these reasons, it is my opinion that the expenditure of money raised by public taxation for the purposes identified above violates the restrictions of both Sections 68 and 94 of the Alabama Constitution, when those expenditures are made by a hospital corporation identified statutorily as "an agency of the county" or a "political subdivision of the state."
I take note, also, that this suit was filed by the Alabama Hospital Association and that it alleges that certain of its members suffer from injury due to the acts of the State Department of Examiners of Public Accounts. I question whether this plaintiff has the standing necessary to bring this action in the first place. Rule 17(a), ARCP, requires that "Every action shall be prosecuted in the name of the real party in interest...." The "real party in interest" is the party "... who possesses the substantive right being asserted under the applicable law." Wright & Miller, Federal Practice and Procedure: Civil § 1541 at 635. As we stated in Frazer v. Alabama *908 State Policemen's Association, Ala., 346 So.2d 959 (1977), "Decisions under the Federal Rule 17(a) have denied to incorporated associations the standing to assert in court the personal rights of [their] members, absent statutory authority." See also Alabama Independent Service Station Association, Inc. v. Shell Petroleum Corp., 28 F.Supp. 386 (N.D.Ala.1939). The long and short of it is that an association or corporation does not have the capacity to enforce separate property rights of its individual members without some legislative authority. For these reasons I respectfully dissent.
FAULKNER, J., concurs.