When is a public hospital corporation tantamount to a private
hospital so that the public hospital's operations are not subject to the strictures of Sections 68 and 94 of the Alabama Constitution of 1901? May a county hospital, with hospital funds, purchase liquor, give discounts to its board members, make gifts to persons indirectly associated with the hospital, or pay the private club dues for its employees, as was done in this case by Cullman County Hospital? These are the questions which are presented by this appeal. I cannot agree with the majority of this Court that the single issue before us is whether "otherwise lawful expenditures" made by public hospital associations and public hospital corporations are prohibited by Sections 68 and 94. Posing the issue in that manner, it seems to me, begs the question whether or not the questioned expenditures are lawful in the first instance. The answer to that question depends upon the nature of the hospital's creation, i.e., the character of its being.
The majority concedes that public hospital associations and corporations obtain their powers by legislative enactment. Examination of those statutes, Code of 1975, § 22-21-1 et seq. reveals that the legislature has authorized several different forms of being for hospitals, with varying degrees of "public" character.
Under § 22-21-72, a "public corporation" may be organized to operate a "public hospital" whenever a minimum of three natural persons, the incorporators, make application to a county commission. Corporations organized under this section are governed by a board of directors who serve without compensation, § 22-21-76. These particular "public corporations" have specified corporate powers and other powers incident thereto, § 22-21-77. Hospitals organized under these sections are not agencies of the governmental subdivision which authorized their creation because the terms of the legislation did not make them such. And it is such hospitals, in my opinion, to which the majority direct their attention. *Page 907 
But in an entirely different division of the Code than that in which such public corporations are found are located legislative enactments authorizing the creation of hospital corporations of an entirely different nature. See Division 2, §§ 22-21-100 through -112. Unlike those authorized under §22-21-72, § 22-21-101 authorizes a county to "designate a hospital corporation in the county as the agency of the county
to . . . operate . . . public hospital facilities. . . ." (Emphasis added.) And "[w]hen a hospital corporation has beendesignated as an agency of the county . . . then the proceeds thereafter collected from any such special tax . . . for public hospital purposes shall be paid over to said hospital corporation. . . ." (Emphasis added.) § 22-21-102.
Under Article 5, § 22-21-131, incorporated cities and towns are given the power to authorize "public corporations aspolitical subdivisions of the state for the purpose ofproviding public hospital facilities. . . ." (Emphasis added.) These corporations likewise have specified incidental powers §22-21-137, and are governed by boards of directors, §22-21-135.
Article 6, § 22-21-171, states that city or county hospitals are authorized as public, non-profit corporations, with boards of directors serving without compensation, but with the powers and authority inuring in, or conferred upon, counties in the state of Alabama operating public hospitals.
Thus it is clear that the legislature has authorized the creation of hospital authorities which are not alike. Some are specifically "agencies of the county." Some are specifically "political subdivisions of the state." That language needs no explanation, particularly when it co-exists with language authorizing other instrumentalities not so described. In the case of "county" hospitals, if they are "agencies" of the county, they are acting for the county as the alter egos of the county, and thus derive their authority from their county creators. Since counties are political subdivisions of the state created to aid in the administration of state law for the purpose of local self-government, State v. Page, 19 Ala. App. 303,97 So. 244 (1923), the hospital, which is created as an "agency of the county" likewise is an "agency of the state."
It has been suggested that all "public hospital corporations" must be allowed to operate in a competitive manner with private enterprise, given the present economic situation and the shortage of trained nurses and other personnel. Without the power to expend public funds for "moral," "goodwill," and "promotional" purposes, it is suggested, public hospitals will lose out in the competition for trained personnel. Concedingarguendo these difficulties, nevertheless, it is also a truism that those who serve in "public" or quasi-public organizations traditionally have not obtained the same perquisites or emoluments available in the private sector. Whether this differentiation is justifiable is a policy decision exclusively relegated to the legislature by our system of government. It is not for this court to impose its will upon the administration of such clearly-defined limitations as the legislature has expressed on this subject. For these reasons, it is my opinion that the expenditure of money raised by public taxation for the purposes identified above violates the restrictions of both Sections 68 and 94 of the Alabama Constitution, when those expenditures are made by a hospital corporation identified statutorily as "an agency of the county" or a "political subdivision of the state."
I take note, also, that this suit was filed by the Alabama Hospital Association and that it alleges that certain of its members suffer from injury due to the acts of the State Department of Examiners of Public Accounts. I question whether this plaintiff has the standing necessary to bring this action in the first place. Rule 17 (a), ARCP, requires that "Every action shall be prosecuted in the name of the real party in interest. . . ." The "real party in interest" is the party ". . . who possesses the substantive right being asserted under the applicable law." Wright Miller, Federal Practice andProcedure: Civil § 1541 at 635. As we stated in Frazer v.Alabama *Page 908 State Policemen's Association, Ala., 346 So.2d 959 (1977), "Decisions under the Federal Rule 17 (a) have denied to incorporated associations the standing to assert in court the personal rights of [their] members, absent statutory authority." See also Alabama Independent Service StationAssociation, Inc. v. Shell Petroleum Corp., 28 F. Supp. 386
(N.D.Ala. 1939). The long and short of it is that an association or corporation does not have the capacity to enforce separate property rights of its individual members without some legislative authority. For these reasons I respectfully dissent.
FAULKNER, J., concurs.