(100 South. 130)

## BRANDON v. GARLAND. (8 Div. 651.)

(Supreme Court of Alabama. April 17, 1924.)

Costs ⬦61 — Apportionment authorized, though defendant pleaded and established set-off less than plaintiff's demand.

Apportionment of costs in a civil case, where defendant pleaded and established in part a set-off which was less than plaintiff's demand was authorized, under Acts 1915, p. 598, amending Code 1907, § 3662, and giving prevailing party his costs, unless court otherwise orders, and Code 1907, § 3666, as to costs on set-off.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by J. N. Garland against A. B. Brandon. From the judgment on defendant's motion to retax costs, he appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Proctor & Snodgrass, of Scottsboro, for appellant.

The full costs should have been taxed against the plaintiff. Code 1907, § 666; Holloway v. Henderson Lbr. Co., 203 Ala. 246, 82 South. 344; Dothan Co. v. Weeks, 16 Ala. App. 639, 80 South. 734; Jonas Schawb & Co. v. Hall, 156 Ala. 560, 47 South. 137.

Milo Moody, of Scottsboro, for appellee.

No brief reached the Reporter.

BOULDIN, J. The appeal is from a judgment on motion to retax costs.

The defendant pleaded set-off. He was successful in establishing his set-off, or a portion thereof, but less in amount than plaintiff's demand. Judgment was rendered for plaintiff for full costs. Defendant moved to retax the fees of witnesses summoned and examined to prove the different items of set-off and the officers' fees for issuing and serving subpoenas. The court, on this motion, rendered judgment taxing each party with one-half the costs in the cause.

The question arises on a construction of section 3662, Code of 1907, as amended (Acts 1915, p. 598), and section 3666, Code of 1907.

Amended section 3662 provides:

"The successful party in all civil actions is entitled to full costs, for which judgment must be rendered, unless in cases otherwise directed by law, *or by the judgment of the court. The court may apportion the costs at his discretion as justice and equity may require.*" (The italics show the amendment.)

Under section 3666 "the defendant recovers his costs sustained in establishing the set-off."

In construing the amendment of 1915, its effect is to be gathered from its language in the light of the injustice it was intended to remedy. The old rule giving full costs to the successful party is usually the just rule. It aims to place the burden of costs, penal in character, on him who has sought to maintain an unfounded cause of action or defense. Section 3666, giving defendant his costs in establishing his set-off, is based on the same principle. Originally it was limited to set-off—a cross-action at law. Code 1852, § 2378. Later it was extended to partial payments. Sections 3662 and 3666 relate to the same subject, and should be construed together. One could easily be made a proviso or modifying clause of the other.

In practice the rigid application of the rule awarding full costs to the successful party often works injustice. If a plaintiff claims and sues for a large tract of land, and recovers only a small portion, he gets full costs. Buxbaum v. McCorley, 99 Ala. 537, 13 South. 5.

If several causes of action are joined in the same suit, and a recovery is had only on one, he is treated as the successful party, unless a special finding is had defining wherein each party is successful. L. & N. R. Co. v. Cofer, 110 Ala. 491, 18 South. 110.

Again, in practice section 3666 is often difficult of application. The same witness may be used to give evidence on set-off and on other issues wherein defendant fails. Defendant may establish the controverted items of set-off only in part. A good illustration is found in the case at bar. The evidence shows the parties differed only in the amount of the set-off. Defendant did not establish the full amount claimed. Whether the amount allowed on set-off was nearer in accord with the contention of the plaintiff or defendant does not appear. Usually on a general verdict for plaintiff for a balance due it is necessary to have a separate motion or proceeding to ascertain what items of costs accrued in proving the partial payment or set-off. The inequality and inconvenience of the general rule in many cases may be looked to in passing upon the amendment of 1915.

The terms of the amendment are general. It purports to apply to all civil actions at law. The power of the court to apportion the costs "at his discretion, as justice and equity require," is conferred in language often employed to define the rule in equity. Sullivan Timber Co. v. Black, 159 Ala. 570, 48 South. 870. It indicates a clear purpose to make the rule at law and in equity the same. In equity the power to apportion costs applies in cross-actions the same as original. So in cases at law there can be no reason for giving the court power to apportion the costs as against a successful plaintiff and not as against a successful defendant on a plea of set-off or part payment.

Our conclusion is that under this amend-

ment the general rule still obtains of giving the successful party his costs both under sections 3662 and 3666, unless the court otherwise orders. Section 3666 is not deprived of a field of operation, but modified in the same way as section 3662. The court hearing the whole case may apportion the costs as justice and equity require, whether there be an issue of set-off or partial payment or neither.

Appellant refers us to the case of Holloway v. Henderson Lumber Co., 203 Ala. 246, 82 South. 344, as opposed to the view above expressed. In that case we considered this amendment of 1915 in connection with section 3663, Code of 1907, which provides that in actions of damages for tort the plaintiff cannot recover more costs than damages, if the damages recovered do not exceed $20, etc. We held this section not repealed or modified by the amendment to section 3662.

We think section 3663 has the purpose of discouraging frivolous and oppressive actions of damages for tort. This is a distinct and additional purpose to that of fixing a just rule for the taxation of costs as between the parties.

This view, we think, is recognized in Holloway v. Henderson Lumber Co., supra, in these words:

"Section 3662 deals with all civil cases, except the ones specifically dealt with in section 3663."

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.