**BYNUM BROS. v. STATE.** (6 Div. 866.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

**1. Trial ⟨key⟩194(1)—Instruction invading province of jury should be refused.**

Where a requested instruction would invade the province of the jury, the court should refuse to give it.

**2. Taxation ⟨key⟩493(7)—Instruction that in assessing property for taxation jury might consider assessment of adjoining and similar property held properly refused as misleading; such assessment being inter alios acta (Acts 1923, pp. 172, 173, §§ 32, 34, et seq.).**

In proceeding to assess property for taxation, instruction that jury, may in determining what the property should be assessed at, take into consideration the assessment of adjoining and similar property, held properly refused as misleading; such assessment being inter alios acta under Acts 1923, pp. 172, 173, §§ 32, 34, et seq., providing that property shall be estimated at its fair market value, determined in the way specified therein.

**3. Evidence ⟨key⟩142(4)—In proceeding to assess property for taxation, excluding evidence of assessed valuation of other property held not error.**

In proceeding to assess property for taxation, court properly excluded evidence as to what other real property was assessed during the year involved.

**4. Evidence ⟨key⟩142(4), 502—Inquiry as to reasonable market value of like property in same community is admissible to test witness giving opinion as to market value of property being assessed and to afford criterion as to value.**

In proceeding to fix the value of property for taxation, inquiry as to reasonable market value of other like property in the same community held admissible for the purpose of testing witness giving his opinion as to the market value of the property involved and to afford a criterion for determining its value.

**5. Trial ⟨key⟩194(20)—Refused instructions that testimony as to market value of land being assessed was not conclusive held not to invade province of jury (Code 1923, § 7656).**

In proceeding to fix the valuation of property for the purpose of taxation, refused instructions to the effect that the court charges the jury that the testimony as to the fair and reasonable market value of the property in controversy is in the nature of opinion evidence, and is not conclusive on the jury, held not to invade the province of the jury; the law stated being merely the effect of Code 1923, § 7656.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Trial ⬗260(3)—Refusing charges that testimony respecting market value of property being assessed is in nature of opinion evidence and not conclusive held not error, where covered by oral charge.**

In proceeding to fix the valuation of property for the purpose of taxation, refusing charges that the testimony as to the fair and reasonable market value of the property in controversy was in the nature of opinion evidence, and was not conclusive on the jury, *held* not error; charges being fully and fairly covered by the oral charge.

**7. Evidence ⬗473—Admitting testimony that property being assessed was most prominent corner in town held not error.**

In proceeding to fix the valuation of property for the purpose of taxation, admitting testimony on redirect examination by state that defendant's property was the most prominent corner in town *held* not error; the testimony being merely a shorthand rendition of fact in connection with other evidence of location.

**8. Evidence ⬗142(1)—Testimony respecting recent sales of real property in same general location as that being assessed held admissible.**

Court properly admitted testimony as to recent sales of real property improved and unimproved, in the same general location of the city and county as that being assessed by the jury, thereby testing the judgment of the witness as to values.

**9. Taxation ⬗493(7)—Excluding tax sheet on property other than that being assessed held not error.**

In proceeding to assess property for taxation, court did not err in excluding tax sheet for year involved on a piece of property other than that being assessed.

**10. Evidence ⬗501(7)—Allowing witness to state cost of personal property being assessed, and thereafter to state value in year involved, held not error.**

In proceeding to assess property for the purpose of taxation, court did not err in allowing one of the defendants to testify to the cost of show cases, fixtures, and personal property being assessed, and thereafter to state the value thereof in the year involved.

**11. Taxation ⬗493(7)—Owners of property being assessed had burden of indicating incompetent portions of original assessments.**

Where state offered original assessments of defendants showing return of property for taxation and indorsements as to valuation made by the tax assessor and board of review thereon, property owners *held* bound to indicate that the indorsements of the officials were incompetent to have the consideration of the assessments limited.

**12. Taxation ⬗493(7)—Property owners' objections held insufficient to sustain burden to indicate incompetent portions of original assessments.**

Property owners' objections that original assessments were illegal, irrelevant, incompetent, immaterial, not shown to be original assessment sheet, not shown to describe property involved, not shown to be unchanged, *held* insufficient to sustain burden of indicating that certain portions of assessment, to wit, the indorsements of valuations by tax assessor and board of review, were incompetent.

**13. Taxation ⬗493(7)—Court should have instructed jury assessing property for taxation to disregard any statement in nature of opinion evidence of market value not made in case under oath, where original assessments containing valuations of tax assessor and board of review were introduced.**

In proceeding to assess property for taxation, where original assessments showing property owners' return and valuations of tax assessor and board of review was introduced, court should have instructed jury to assess property without being influenced by any statement in the nature of opinion evidence of market value not made under oath in case.

**14. Taxation ⬗493(1)—Where taxpayer appeals from assessment, successful party should usually be given full costs (Code 1923, § 7221).**

Proceeding on taxpayer's appeal from assessment being in its nature a civil suit, rule giving full costs to the successful party is usually the just rule, though the cost may be apportioned under Code 1923, § 7221.

**15. Taxation ⬗493(1)—Where taxpayer appeals from assessment, court may apportion costs at his discretion (Code 1923, § 7221).**

Under Code 1923, § 7221, providing that the court may apportion the costs at his discretion as justice, and equity may require in all cases in which the state is a party plaintiff in civil actions as in cases of independent suitors, court may apportion costs where taxpayer appeals from an assessment.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Proceeding by the State of Alabama to assess the property of J. P. Bynum and others, doing business as Bynum Bros., for taxation. From the judgment, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

These charges were refused to defendants:

"No. 1. The court charges the jury that the intention of the law is to equalize the tax valuation and assess all property at 60 per cent. of its fair and reasonable market value, and that you may, in determining what property should be assessed at, take into consideration the assessment of adjoining and similar property.

"No. 2. The court charges the jury that the evidence of the witnesses in this case as to the fair and reasonable market value of the land in controversy is in the nature of opinion evidence and is not conclusive on the jury.

"No. 3. The court charges the jury that the testimony of the witnesses in this case as to the reasonable and fair market value of the land in controversy is in nature of opinion evidence, and that the same is not conclusive on the jury, but it may be considered by the jury in ar-

riving at the fair and reasonable market value of the land in controversy.

"No. 4. The court charges the jury that the testimony of the witnesses in this case as to the fair and reasonable market value of the property in controversy is in nature of opinion evidence.

"No. 5. The court charges the jury that the evidence of the witnesses in this case as to the fair and reasonable market value of the property in controversy is in nature of opinion evidence and is not conclusive on the jury.

"No. 6. The court charges the jury that the testimony of the witnesses in this case as to the fair and reasonable market value of the lands in controversy is in the nature of opinion evidence."

Ward, Nash & Findley, of Oneonta, for appellants.

Where, on appeal to the circuit court from an assessment fixed by the board of review, the assessment is reduced in the circuit court, the taxpayer is entitled to judgment for costs. Code 1923, § 7221. Direct testimony as to market value is in the nature of opinion evidence. Code 1923, § 7656; Sellers v. Knight, 185 Ala. 96, 64 So. 329. Requested charges not covered should be given.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., and J. T. Johnson, of Oneonta, for the State.

The original assessment sheet was properly admitted in evidence. Jones v. Pelham, 84 Ala. 208, 4 So. 22; Driggers v. Cassady, 71 Ala. 529. The amount at which other property was assessed was res inter alios acta. State v. Sage Land Co., 118 Ala. 677, 23 So. 637. The market value of other property in the same locality is admissible, but not assessed value. Ala. M. L. Co. v. County Commrs., 95 Ala. 105, 10 So. 550; Dean v. Co. Board, 210 Ala. 256, 97 So. 741. Location and local advantages, and the fact that the property was the most prominent corner in town, was relevant evidence. 13 Ency. Evid. 432; Long Dist. Tel. Co. v. Schmidt, 157 Ala. 391, 47 So. 731. Charge 1 is misleading. Acts 1923, p 173. Charges 2 to 6 are invasive of the jury's province. Government St. L. Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177.

THOMAS, J. The legal proceeding had, in the nature of civil action, was in an endeavor to fix the value of appellants' property for the tax year 1925. The statutes having application are found in the general revenue bill approved August 22, 1923. Gen. Acts 1923, p. 172, § 32 et seq.

[1, 2] There are assignments of error based on the refusal of requested charges, and when the instruction sought invades the province of the jury it should be refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Miller v. Whittington, 202 Ala. 406, 80 So. 499; Gov. Street Lumber Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177. It is insisted by the state's counsel that refused charges 2 to 6 inclusive invade the province of the jury, and that refused charge 1 was misleading in the instruction for consideration of "the assessment of adjoining and similar property."

It is provided by statute, sections 32, 34, Acts of 1923, pp. 172, 173:

" * * * Persons having in their possession goods, wares or merchandise belonging to another, and subject to taxation in any county, city or town in Alabama, where said property is located, when the owner of the property does not reside in the county are deemed to be owners of the property in their possession for the purpose of assessment, and unless such goods, wares or merchandise have been otherwise listed for taxation the same shall be assessed to the person, firm or corporation who has such goods in their possession; and in no case shall the assessment be less than sixty per cent. of the fair and reasonable market value of the average amount of goods, wares or merchandise so held during the twelve months next preceding the first day of October when same are due to be assessed for taxation. * * *

"For the purpose of assessment, real and personal property shall be estimated at its fair market value, according to the best judgment the assessor and the board of review can form upon information, inspection and otherwise, taking into consideration, if real estate, its location, whether in town, city or county, and whether it is vacant, or is occupied or in use, and if occupied and in use, the rent derived therefrom, its proximity to local advantages, its quality of soil, growth of timber, mines, minerals, or coal beds, and the amount and character of the improvements thereon; and mineral and timber interests when they have been severed in ownership from the soil, by sale or otherwise, shall be separately assessed."

Refused charge 1 was therefore misleading. This is without regard to the omission of the word "take" after the words "assessed at" and before the words "into consideration." The word "that" as used in the context of charge No. 1, found in the bill of exceptions, was, by misprision in transcribing, written for the word "take." In a pleading the context would correct such error in transcription. However, the record proper uses the word "take" instead of "that."

[3, 4] The assessment of adjoining and similar property was inter alios acta. The issue was a percentage of the "fair market value" of the real estate, taking into consideration "its location, whether in town, city or county, and whether it is vacant, or is occupied or in use, and if occupied and in use, the rent derived therefrom, its proximity to local advantages, its quality of soil, growth of timber, mines, minerals, or coal beds, and the amount and character of the improvements thereon." Long Distance Telephone Co. v. Schmidt, 157 Ala. 391, 47 So. 731; State v. Sage Land Co., 118 Ala. 677, 23 So. 637; 37 Cyc. 1010. Likewise, there was no error in refusing to permit, on due objection, evidence as to what other real property was assessed during the

same year. The market value is illustrated by recent sale of like properties. In Ala. Mineral Land Co. v. County Com'rs of Perry, 95 Ala. 105, 107, '10 So. 550, 551, it was declared:

"In fixing the taxable value of lands, it would perhaps be proper to receive evidence of the value of similar property under similar conditions, as a feature of the 'surroundings' within the meaning of that expression as used in the statute, and as affording a criterion from which the value of the property in question could be deduced. Johnson v. West, 43 Ala. 689; 7 Am. & Eng. Ency. of Law, 60. * * * The valuation of property as found upon the tax-books represents either the ex parte statement of the owner thereof in his return, or the conclusion of the assessor or of the commissioners' court from information, inspection or otherwise. The declaration of the owner would not be admissible against any person other than himself or some one in privity with him. The decision of the assessor, or of the commissioners' court, would not be admissible against a stranger to the proceeding in which the decision was rendered. Such stranger, in offering proof of such valuation of the property of others, claims the benefit of evidence which would not be available against him. A valuation of his own property, in which he does not participate, is inadmissible, if objected to by him. Birmingham Mineral R. Co. v. Smith, 89 Ala. 305 [7 So. 634]. It is not permissible to prove a fact pertinent to the issue in a case by showing that some one not a party to the suit has made an oral or written statement in reference to such fact, or by producing evidence of the conclusion reached in another proceeding which involved the same question but was between parties who are strangers to the pending suit." State v. Brintle, 207 Ala. 500, 502, 93 So. 429.

The inquiry of the reasonable market value of other like property in the same community is admissible for the purpose of testing the witness giving the opinion evidence of the market value and as affording a criterion from which the value of the property in question may be deduced. Ala. Min. Land Co. v. County Com'rs, 95 Ala. 101, 10 So. 550; Tennessee Coal, Iron & R. Co. v. State, 141 Ala. 103, 37 So. 433; State v. Brintle, 207 Ala. 500, 93 So. 429; Dean v. Board of Education, 210 Ala. 256, 97 So. 741.

[5, 6] We are not impressed with the insistence of the state's counsel that refused charges 2 to 6, inclusive, invade the province of the jury. It was the request of the effect of the statute. Section 7656, Code of 1923; Dean v. County Board, etc., 210 Ala. 256, 97 So. 741; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; Ala. Power Co. v. Armour, 207 Ala. 15, 92 So. 111; Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661; Leahy v. State, 214 Ala. 107, 106 So. 599; Moore v. Robinson, 214 Ala. 412, 108 So. 233. Refused charges 2 to 6, inclusive, were fully and fairly covered by the oral charge instructing the jury that the testimony of the witness as to the market value of the property, the subject of controversy, was the best judgment or opinion of the witness, and to be taken by the jury, while not conclusive on them, may be considered in arriving at the fair and reasonable market value of the property in question. No exception was reserved to excerpts of the oral charge, nor the insistence made that it was insufficient to present or cover the issues to be determined by the jury. Lewis v. Martin, 210 Ala. 401, 417, 98 So. 635.

[7] Proceeding to consideration of the other rulings on evidence, it is insisted that error was committed in allowing a witness on redirect examination to say that appellants' property "is the most prominent corner in town." It was a shorthand rendition of fact by witness Fendley, in connection with the other evidence of "location" of the property, whether in "town, city or county," and how located. Acts of 1923, p. 173, § 34.

[8-10] We have sufficiently indicated that no error was committed in the testimony of Hearn and Brice as to recent sales of real property in the same general location of the city and county, improved and unimproved, and by this cross-examination to test the judgment of the witness as to values. For reasons indicated in authorities we have cited, no error was committed in not permitting appellants to introduce the tax sheet of 1925 on the two-story building of Cowden & Rasco. There was no error in allowing one of the defendants, J. P. Bynum, to give the cost of show cases, fixtures, and personal properties in the place of Bynum Bros. and thereafter to state the value thereof in 1925.

[11-13] The court permitted the state to introduce the original assessments of Bynum Bros., of date of December 29, 1924, showing the return by J. P. Bynum of the estimated value of their stock of goods at $5,800; fixtures, safe, etc., $500; lot 16, block 2, $1,000; brick building, $2,000. This was the pleading so to speak on which the appeal was based, including the tax assessor's value of assessments of the last two properties, respectively $2,000 and $4,000, and that fixed thereon by the board of review. Dean v. Board of Education, 210 Ala. 256, 97 So. 741. Conceding without deciding that the indorsements of said officials should have been limited in consideration by the jury, being duly invoked thereto, the burden of separation was upon the objector. And, in this he had failed. Lester v. Jacobs, 212 Ala. 614, 103 So. 682. This is apparent from defendants' stated grounds "that it was illegal, irrelevant, incompetent and immaterial; that it was not shown to be the original assessment sheet of the property of Bynum Bros., the subject-matter of this suit; that it is not shown that it describes the property, the subject-matter of this suit; that it is not shown that the said assessment sheet has not been changed since said property was returned by said defend-

ants." This objection was by the court overruled, and the defendants duly excepted. The defendants moved the court to exclude the said assessment sheet on the grounds interposed to its introduction. The motion was overruled, and the defendants excepted. The defendants' objections and motion to exclude were not sufficient. The jury should have been instructed to find and return a verdict on the issue of tax value, without bias or influence from any statement in the nature of opinion evidence of market value, indorsed by individuals or officials if not under the sanction of an oath administered in the case being tried between parties litigant.

[14, 15] The case will not be retried, yet it should be noted as to costs under Acts of 1915, p. 598, that in State v. Donaldson, 209 Ala. 400, 96 So. 617, where the taxpayer had appealed to the circuit court, that it was "in its very nature a civil suit" in which the county was plaintiff and the taxpayer was defendant. State v. Page, 19 Ala. App. 303, 97 So. 244. In Brandon v. Garland, 211 Ala. 149, 100 So. 130, it is observed that "the old rule giving full costs to the successful party is usually the just rule." The effect of the statute, however, was to make available at law the rule in equity (Manning v. Carter, 201 Ala. 218, 77 So. 744), as to apportionment of the costs by the court at his discretion, as justice and equity may require (Gen. Acts of 1915, p. 598; Code of 1923, § 7221).

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.