140 So. 384

**MOULTON v. BYRD, Justice of the Peace.**

**4 Div. 615.**

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

A. Whaley, of Andalusia, for appellant.

B. W. Simmons, of Opp, for appellee.

THOMAS, J.

The petition was for mandamus and prohibition; demurrers were sustained thereto, and, the petitioner failing to amend, the petition was dismissed at the cost of the petitioner.

The mandamus sought to have a justice of the peace recuse himself by reason of the fact that he is alleged to have acted as attorney for the plaintiff by preparing the complaint and the necessary affidavit for attachment for rent, and notice to vacate, for the plaintiff in attachment against petitioner, defendant in the justice court, and that respondent was dependent for his compensation upon the lawful fees made and provided in such case.

The petition further avers that such justice would proceed to hear the cause, and thus deny to petitioner due process of law (sections 6 and 13, Constitution; section 8570, Code), unless the writ of prohibition issued forthwith, and that upon final hearing he be compelled by the writ of mandamus to recuse and declare his disqualification in said suit.

The trial judge granted an ancillary petition causing the justice to desist from trial of the cause pending final disposition of the questions presented.

■ The question presented is of ancient origin (Lord 'Coke in Bonham's Case, 8 Coke, 113-a 77, 113-b 77, English Reprint, 638, 646), and has been much discussed by the courts of English speaking people (33 C. J. 988; 15 R. C. L. 526 et seq.; State ex rel. Barnard v. Board of Education of City of Seattle, 19 Wash. 8, 52 P. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706; 50 A. L. R. 1256, et seq.; 33 A. L. R. 1322, et seq.) and by this court (Ex parte State Bar Association, 92 Ala. 113, 8 So. 768; 12 L. R. A. 134; Burdine v. Grand Lodge of Alabama, 37 Ala. 478; Rose v. Magro, 220 Ala. 120, 124 So. 296; Tucker v. Houston, 216 Ala. 43, 112 So. 360; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728; Woodmen of the World v. Alford, 206 Ala. 18, 21, 89 So. 528; Webb v. Town of Eutaw; 9 Ala. App. 474, 63 So. 687, and authorities; Code 1928, § 8570).

It is only a direct interest that disqualifies. Woodmen of the World v. Alford, supra; Ex parte State Bar Ass'n, supra. The effect of our cases in classification of the causes for disqualification of a judge are: (1) Those affecting his individual rights; (2) his direct pecuniary interest; and (3) any interest the probable and natural tendency of which is to create bias in the mind of the judge for or against a party in interest to the suit. Woodmen of the World v. Alford, 206 Ala. 18, 22, 89 So. 528; Crook, Judge, etc. v. Newborg & Son, 124 Ala. 479, 481, 27 So. 432, 82 Am. St. Rep. 190; Tucker v. Houston, supra; Ex parte State Bar Ass'n, 92 Ala. 113, 119, 8 So. 768; Burdine v. Grand Lodge of Alabama, 37 Ala. 478.

In Ex parte State Bar Association, 92 Ala. 113, 117, 118, 119, 8 So. 768, 769, 12 L. R. A. 134, the observation is:

"The sole ground of incompetency disclosed by the return in this case is the mem-

bership of Judge Head in the plaintiff corporation, the Alabama State Bar Association, and his consequent interest in the suit, resulting from the liability of that corporation for the costs of the proceedings should its determination be adverse to the association. This corporation is not a commercial or financial concern. It is not capitalized; its members are not stockholders. Its purposes are social, ethical, and public, and not pecuniary or private. Its scheme involves no element of gain or loss pecuniary to its membership. It is supported by fixed annual dues, exacted from its members, and these would neither be increased nor diminished by any possible result of this litigation. It has authority to acquire and hold property within certain limits of value. Whether it has acquired any property does not appear from the return; and if the respondent seeks any advantage by reason of its ownership of property, his interest in which as a member would be affected by any judgment that might be rendered in this cause, it was upon him to return the fact. But conceding that we must assume that the association did own property to the limits of its power in that respect, and conceding further, that the interest of members in that property was such that, upon the dissolution of the corporation, each member would be entitled to a distributive share of it,—a proposition unsupported by authority,—still this interest would be entirely too remote and speculative to disqualify the member from sitting as judge or juror in a case to which the corporation is a party. The interest which will disqualify must be a pecuniary one, or one affecting the individual rights of the judge. The fact that dues which he pays to the association may have to be appropriated to the satisfaction of a judgment for costs cannot constitute such interest, since the dues are paid for that purpose, among others, whether in contemplation of such judgment or not, and the amount of his liability in that respect is not affected by the rendition of a judgment for costs against the association. Moreover, 'the liability of pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely, in the future, from the general operation of law upon the status fixed by the decision.' 12 Amer. & Eng. Enc. Law, p. 45 et seq. The diminution of a member's distributive share in the corporation property depending upon a dissolution which may never occur, or never during his life or membership, or relief from such result, is certainly entirely too remote to be considered in any sense as occurring 'upon the event of the suit.' It is, on the contrary, if possible at all, a result of the remote future, 'from the general operation of law on the status fixed by the decision.' That the interest relied on to disqualify must be a pecuniary one, and be affected by the event of the suit, and not remotely, is fully illustrated in the adjudged cases. * * *

"And where the salary of a judge is payable out of a fund arising from the imposition of fines, as is the case with the judges of some of the city courts in this state, his interest is too remote to disqualify him to sit in a cause which may involve the imposition of a fine to be thus appropriated. In re Guerrero, 69 Cal. 88, 10 P. 261."

It has been held, and the maxim of necessity obviating the rule is, that whenever it becomes necessary for a judge to sit, even where he has an interest, where no provision is made for calling another, or where no one else can take his place, it is his duty to hear and decide, however disagreeable it may be. State ex rel. Null v. Polley, 34 S. D. 565, 138 N. W. 300, 42 L. R. A. (N. S.) 788; 33 C. J. 989; 15 R. C. L. 541; Tumey v. Ohio, 273 U. S. 510, 522, 47 S. Ct. 437, 71 L. Ed. 749, 754, 50 A. L. R. 1243.

It will be noted that in the Constitution of Alabama the due process clauses are sections 6 and 13, and the provision for justices of the peace and the fee system of compensation is section 168 of the Constitution; and, when these several provisions are considered together, they constitute a definition by our Constitutional Convention of due process and judicial qualification of justices of the peace as to interest by reason of such method of compensation. This important question has been discussed at great length by Mr. Chief Justice Taft in Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243. This, however, pertained to fees under the statutes of Ohio on convictions in a certain class of criminal cases, the violation of the prohibition laws. We are therefore not ruled in the instant case by that decision.

Thus, under this pleading, we are brought to a consideration of the statutes of this state, viz. that of qualification of judges. Section 8570 et seq. See note to section 7221, Code of 1928, providing for the taxation of costs in civil actions, and the recent Act of 1931, House Bill 606, page 606, Gen. Acts 1931, and the exception as to justices of the peace in the apportionment of costs (note Report of the Attorney General, 1920–21, p. 394), section 7221, Code.

The observation in the editor's note to section 7221, Code of 1928, is:

"The provision in this section allowing the court to apportion the cost at his discretion as justice and equity may require, was added by Acts 1915, p. 598. See Brandon v. Garland, 211 Ala. 149, 100 So. 130. This amendment qualifies the former rule that gave the court no discretion under any condition, which in many cases must have worked an injustice, and made the taxation of cost, under this section, closely akin to taxation of costs in equity cases as is provided for in section 6655. The prevailing party is, under this section, still entitled to judgment for his cost unless the court

otherwise directs, and if the court makes no order as to apportionment of cost the right of the prevailing party to judgment for his costs exists as formerly."

The amendment of the Act of 1915, p. 598, does not introduce the disqualification of the justice of the peace that is here contended for and insisted as being a violation of sections 6 and 13 of the Constitution of Alabama and articles 5 and 14 of the Amendments to the Constitution of the United States.

██ The Act of 1931, page 606, Gen. Acts 1931, contains four classifications defined as engaging in the practice of law. When the *instant petition is tested by this act,* can we say that the justice of the peace was so engaged in the practice of law for consideration, reward, or pecuniary benefit, or for such consideration was the undertaking—the representation of such adverse party as attorney—in doing the ministerial acts averred such as to directly disqualify him to discharge his judicial duties and functions? We may say, however, that our system of compensation to justices of the peace and other inferior courts has been by the fee system, and is so recognized by our Constitution.

The petition for mandamus and prohibition on the facts averred properly is denied, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.