10 So.2d 860

**PLATEAU COMMUNITY ASS'N et al. v. GREEN et al.**

I Div. 176.

Supreme Court of Alabama.

Dec. 17, 1942.

D. P. Moore, of Mobile, for appellant.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellees.

THOMAS, Justice.

The suit was a bill in the nature of a bill of review to correct a former decree of the circuit court, sitting in equity, cancelling a deed and declaring a trust for the purchase money, and the taxation of the costs.

The instant assignments of error challenge the action of the trial court in rendition of the decree of July 31, 1941, against complainants, in the sum of $460.77; and challenge the action of that court in rendition of the decree of July 3, 1942, in favor of O. L. Green, the respondent (one of the appellees here) for the sum set out in the last named decree, to wit, $300.94 against the instant appellants; and that said Green have a lien on the property described in the bill of complaint to secure the payment of the purchase money indebtedness, and further decreeing that the costs of said court in the last proceeding be "hereby taxed against the complainants", appellants here.

Responding to the assignment of error challenging the action of the trial court as to the first indicated decree, we have examined this record and find there is no sufficient evidence on which we may consider the correctness of the decree of date of July 3, 1941.

In the decree of July 3, 1942, it is recited, among other things, that it appearing

to the court that the bill seeks a review of the final decree entered by this court on the 31st day of July, 1941, in cause No. 14,090 (we interpolate, Plateau Community Association by its Board of Trustees, N. L. Adams, H. W. Bethea, W. H. Taylor, Jesse Baldwin and John Hunter), and it appearing to the court that the respondent O. L. Green, in open court, although insisting that all of his claims are just and correct, as allowed him in said final decree of July 31, 1941, has, in order to clarify the record, offered to waive all claims heretofore made by him in this cause other than his claim for $175 paid to Josephine A. Herman by him on the purchase price of the property involved in this cause, and the further sum of $15 paid by him for taxes to the said Mrs. Herman, accruing on said land; and it further appearing to the court that the complainants are entitled to relief in this cause; and it further appearing that said O. L. Green, the respondent in this cause, paid the sum of $110.94 as costs of court in cause No. 14,090, accruing through July 31, 1941; and it further appearing that the said O. L. Green paid to Josephine A. Herman the sum of $190 as a part of the purchase price and taxes on the property described, it was decreed that the deed from O. L. Green to Hattie Green executed July 29, 1939, should be and is cancelled; that said property is declared to be vested in O. L. Green for the benefit of the Plateau Community Association (complainant appellant here) and that said association is indebted to O. L. Green in the sum of $300.94; that said O. L. Green has a lien on the property described in the bill of complaint to secure the payment of said indebtedness, and entitled to have said lien enforced on the described lands; that the same be sold in payment and satisfaction of said indebtedness in so far as the proceeds of said sale will satisfy the same; that the Plateau Community Association is given the reasonable time indicated in which to pay to the said Green the sum of $300.94, and the costs are taxed against the complainants, appellants.

The question of the taxation of costs in this jurisdiction is discussed in many decisions and the several statutes and rules of equity here indicated. Sullivan Timber Co. et al. v. Black, 159 Ala. 570, 48 So. 870; Code 1940, T. 11, § 65; Equity Rule 112, T. 7 Appendix, Code 1940, p. 1122.

The provisions of the recent statutes allowing the court to apportion the costs as justice and equity may require was added by the Act of 1915, p. 598, which is codified in Code 1940, T. 11, § 65.

In Manning v. Carter, 201 Ala. 218, 77 So. 744, the many authorities touching the subject of the taxation of costs are collected, and it is therein indicated that in equity the question of costs rests largely in the discretion of the chancellor; that the taxation thereof may be varied on appeal as the justice of the case may require. The Manning case, supra, also contains the pertinent observation by Chancellor Kent (Catlin v. Harned, 3 Johns. Ch., N.Y. 61), that where the parties stand equally fair, the actor, he who brings the other into court, ought to pay the expenses."

In Bynum Bros. v. State, 216 Ala. 102, 112 So. 348, it is observed of the statute of 1915, page 598, that its purpose was to make the rule in equity available at law, and to the effect that the apportionment of costs is in the discretion of the court in all cases except that dealt with in the Code of 1940, T. 11, § 67, as justice and equity may require. Brandon v. Garland, 211 Ala. 149, 100 So. 130; Moulton v. Byrd, Justice of the Peace, 224 Ala. 403, 140 So. 384.

The record shows that the costs in the first decree, July 31, 1941, were taxed against the respondents Green, appellees here, and that they paid the same. In the last indicated decree, July 3, 1942, the court taxed the costs against the appellants here, the Plateau Community Association and individuals named. It is insisted this action of the court is error.

The actor bringing the matter before the court in the first instance was the Plateau Community Association, which had secured the cancellation of the deed of O. L. Green to Hattie Green, and in that action of the court, in the exercise of a sound discretion as justice and equity may require, the costs were taxed against both Greens and paid by such respondents. Delony v. O'Reilly, 235 Ala. 386, 179 So. 207; Warrick v. Woodham, etc., post, p. 585, 11 So.2d 150.

The actor in the last bill and decree was the Plateau Community Association; and that decree reduced the amount of the former from $460.77 to $300.94 against appellants and required the Plateau Community Association and its trustees to pay the purchase price of $300.94, as set out in the decree, and the costs. We cannot review the action of the court in the imposition of the

$300.94 lien on the lands against the Plateau Community Association for lack of evidence touching the same.

Under the exercise of a sound discretion as justice and equity may require, the court was not warranted in taxing the costs in the lower court as indicated against the complainant-appellant, who secured a large reduction of the amount required to pay as the purchase price, and on this appeal, the Plateau Community Association and the individuals named as representing the same are so relieved thereof in the payment of $159.73. Therefore, the costs incurred on this appeal and that incurred in the court below are here taxed against O. L. Green, one of the appellees. As thus corrected, by this court as to all costs, the decree of the lower court should be and it is hereby affirmed.

Corrected and affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.