38 So.2d 590

**THOMPSON v. BRYANT et al.**

**BRYANT v. THOMPSON.**

**1 Div. 306, 306 A.**

Supreme Court of Alabama.

Dec. 16, 1948.

Rehearing Denied Feb. 17, 1949.

D. R. Coley, Jr., of Mobile, for appellant.

Gaillard & Gaillard and Robt. T. Ervin, Jr., all of Mobile, for appellees.

**SIMPSON, Justice.**

The court takes the view that the appeal presents only a question of fact and the conclusion we reach renders it unnecessary to discuss several of the legal questions argued. While the testimony was not given ore tenus before the court, but by deposition, we are persuaded that the conclusion of the trial court as expressed in the decree is not opposed to the weight of the evidence and that it should not be here disturbed.

The litigation had its inception in an action at law in ejectment by Sallie Bilbo Wiley Bryant against Oscar Thompson, filed October 21, 1944, for the recovery of the described tract of land comprising, in fact, about 16 acres and being a part of a 32 acre tract owned by Sallie's husband at his death. On motion of defendant, Thompson, the case was transferred to equity and Thompson filed his bill of complaint against the original plaintiff, Sallie, and her stepson, Ernest Wiley, who claimed an interest in the property as the son of Sallie's said deceased husband, Charlie Wiley, who owned the property as his homestead at his death. The case made by the bill is substantially this: Charlie Wiley, who died in 1937, was the owner of the 32 acre tract of land and Ernest Wiley was his only child by a former marriage; in 1915 Charlie married Sallie, who a good many years later abandoned him and after his death married Bryant. Charlie left as his sole heirs and next of kin his widow, Sallie, who had never been divorced from him, and his son Ernest, then of age; that the property at the time of the death of Charlie was of value greatly in excess of $2,000 and in the year 1940 the plaintiff in equity, Thompson, entered into a contract with Ernest Wiley by which he agreed to purchase and Ernest agreed to sell, to wit, 16 acres of the property (claimed by Ernest as his share) for the sum of $700, payable $100 in cash and the balance on terms; that he paid the cash consideration, was placed in possession of the acreage thus purchased from Ernest, and thereafter made payments to him on the purchase price and later tendered him the balance due, which he refused. The bill prayed that the exact amount remaining due under his contract with Ernest be ascertained and that upon the payment of the same Ernest be required to convey to him the 16 acres contracted for and that if Sallie be found to be entitled to homestead and dower rights in the property, such rights be adjudged to be confined to that portion of the tract of land on which the homestead is located, leaving a certain unimproved portion of the land as the part to be conveyed by Ernest.

The defendant in equity, Sallie, filed an answer and cross bill alleging that the value of the property owned by Charlie, her husband, at his death was in area less than 160 acres and in value less than $2,000; that it was all the real estate he owned at his death and that she was entitled to have

the land set apart as exempt to her in fee simple. She prayed that title to the homestead property be vested in her and that, detention of part of the tract by Thompson having been unlawful, such detention resulted in damage to her in the amount of $1,000, which she claimed of Thompson.

Ernest Wiley, also made a defendant to the bill, answered both Thompson's original and Sallie's cross bill and himself filed a cross bill alleging that the plaintiff in equity (Thompson) defaulted in the payment of the balance due on the purchase price and that he, Ernest, notified plaintiff to vacate the property on that account in the year 1942. He prayed in his cross bill that the contract relied on by Thompson be decreed null and void and that the court adjudge the lawful rights of himself and Sallie in and to the property.

No question is raised as to the sufficiency of the pleading to bring the entire controversy before the court.

By the final decree all relief on the original bill was denied and the bill was dismissed. On the cross bill of Sallie Bilbo Wiley Bryant it was decreed that as between her and the cross defendants, Thompson and Ernest Wiley, she was entitled to have the entire homestead property set apart to her as Charlie Wiley's widow under the exemption provisions of the statute, Code 1940, Title 7, § 663, but that she was not entitled, as against either of the parties to the suit, to an allowance of damages for detention of the property.

The costs of the suit were taxed against Sallie and Ernest, the two defendants to the original bill who filed their respective cross bills.

The uncontroverted facts are that Charlie Wiley died in 1937; that he owned the tract consisting of some 32 acres, which was occupied by him as his homestead at his death and which was all the real estate he owned; that though sometime prior to his death Sallie left the homestead and remained away until his death, she was never divorced from him and was legally his widow; that he left no minor children and his son, Ernest, of age at Charlie's death, was his sole surviving heir.

It thus appears that the only question of fact on the merits of the case was the value of the homestead property when Charlie Wiley died. If it was of value in excess of $2,000 then Ernest Wiley would have some interest which he might have conveyed to appellant. But if the value did not exceed the amount of the homestead exemption of the widow, then he had no interest to convey and Sallie became entitled to have the entire property set apart to her in fee simple. Indeed, the case seems to have been tried on this theory alone and we have confined decision thereto.

No administration was had on the estate of Charlie and it is, of course, well recognized that it was the widow's right to retain possession of the homestead property until dower and homestead had been respectively assigned and set apart to her. Reeves v. Brooks, 80 Ala. 26; Cox v. McLemore, 236 Ala. 559, 183 So. 860; Montgomery v. Hammond, 228 Ala. 449, 153 So. 654.

We have examined the testimony with much care. While there is a diversity of opinion of the witnesses as to the value of the tract of land at the time of the death of Charlie in 1937, we find ourselves unable to say with conviction that the trial court was in error in his conclusion that such value did not exceed the widow's homestead exemption ($2,000). To set out the tendencies of the testimony in detail would serve no useful purpose but would unduly burden the opinion, so we refrain from undertaking to do so. But it results from this conclusion that Ernest Wiley had no title or interest to convey, that his contract with appellant was therefore a nullity and that the original bill was properly dismissed.

As to the cross appeal of Sallie challenging the decree in so far as it denied her claim for damages for detention of a portion of the property by appellant, we also find no error. On the whole case we are impressed by the fact that all the parties involved were largely ignorant of their rights, or lack of them, under the law. It seems that until Sallie, the widow, was advised of her rights she thought the homestead property was jointly owned by herself

and Ernest. She acquiesced in his participation in rents and profits derived from the property until in 1940 when Ernest undertook to sell an interest to appellant and thereafter for a period of time acquiesced in appellant's occupancy and use of that part of the tract he sought to buy from Ernest. While at no time and in no manner did she participate in any negotations for the sale of any part of the tract to appellant, all of the dealings between herself and appellant, we think, afforded ample basis upon which a court of equity might well found a decree denying her claim for damages for detention against appellant Thompson.

As to the cross assignments of both Sallie and Ernest questioning the decree in taxing the costs against them, we think there was no error. In equity the matter of costs rests largely in the discretion of the chancellor. Equity Rule 112, Code 1940, Title 7, Appendix, p. 1122; Plateau Community Ass'n v. Green, 243 Ala. 531, 10 So.2d 860. On the whole case as presented to us on the record, we find no abuse of discretion in the manner of taxing the costs and apportioning them between the cross appellants.

It is our opinion that the decree as a whole should be affirmed and it is so ordered.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.