Daniel M. PILLA and Jerome Daly, Appellants,

v.

The AMERICAN BAR ASSOCIATION et al., Appellees.

No. 76–1104.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1976.

Decided Sept. 20, 1976.

Daniel M. Pilla and Jerome Daly, St. Paul, Minn., for appellants.

O. C. Adamson, II and C. D. Knudson, Minneapolis, Minn., for appellees Edelman, Davis and Ramier.

Henson & Tully, Robert F. Henson, Minneapolis, Minn., for appellees American Bar Assn. and Chesterfield Smith.

Warren R. Spannus, Atty. Gen., Richard B. Allyn, Sol. Gen. and Richard S. Slowes, Sp. Asst. Atty. Gen., St. Paul, Minn., for State of Minnesota appellees.

George Washington, Jr., Tulsa, Okl., for appellees Washington & Washington.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Gary R. Allen and William A. Whitledge, Attys., Tax Div., Dept. of Justice, Washington, D. C., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for Federal appellees.

Before HENLEY, Circuit Judge, MARKEY, Chief Judge,* and TALBOT SMITH, Senior District Judge.**

---

\* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

HENLEY, Circuit Judge.

This is an appeal by Daniel M. Pilla and Jerome Daly, plaintiffs below, from an order entered in the case of *Daniel M. Pilla and Jerome Daly, Plaintiffs v. The American Bar Association, et al, Defendants*, D.C. Minn., Docket No. 4–74–190, by The Honorable Reynaldo G. Garza, Chief Judge of the United States District Court for the Southern District of Texas, to whom that case and several others had been assigned for pretrial proceedings in multi-district litigation as provided by 28 U.S.C. § 1407. The order complained of dismissed the complaints in all of the cases so assigned for failure to state claims upon which relief could be granted. The opinion of Judge Garza is reported as *Turner v. American Bar Ass'n*, 407 F.Supp. 451 (N.D.Tex., W.D. Pa., N.D.Ind., D.Minn., S.D.Ala., and W.D. Wis.1975).

The complaint in this case named as defendants The American Bar Association, the Chief Justice of the United States and four of the eight Associate Justices of the Supreme Court of the United States, all of the circuit judges, including senior circuit judges of this circuit, practically all of the district judges of this circuit, members of the Supreme Court of Minnesota and other defendants too numerous to mention.

The nature of the several cases, including this one, is set forth in some detail in the opinion of the district court. While the complaint in this case has many ramifications and is difficult to analyze intelligently, we agree with the district court that the basic claim of the plaintiffs by reference to which all of their other claims must stand or fall is that the first and sixth amendments to the Constitution of the United States in themselves and as they have been carried forward by judicial construction into the fourteenth amendment to the Constitution guarantee to litigants in civil and criminal cases the right to be represented by lay counsel, and that federal and state

---

\*\* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

requirements that the practice of law in the courts be limited to persons who are licensed attorneys and who are qualified to so practice by training and by character are unconstitutional.[1]

The district court found that basic claim to be without merit, and, as indicated, dismissed all of the complaints, including the complaint in the instant case.

We are met at the threshold by the question of whether this panel, or any other panel of judges that might be convened, is disqualified from considering this appeal.[2] Judge Garza discussed the problem of disqualification at the district court level near the end of his opinion. 407 F.Supp. at 483.[3]

It is axiomatic that no man should sit in judgment of his own case. That principle has been incorporated into 28 U.S.C. §§ 144 and 455.

■ Section 144 is limited in application to proceedings in a district court. It provides that upon the filing of a proper affidavit of prejudice, the judge against whom the affidavit is filed shall proceed no further in the case, and that another judge shall be assigned to hear it. It has been held squarely that the section does not apply to a federal appellate judge. *Millslagle v. Olson*, 128 F.2d 1015 (8th Cir. 1942); *Kinney v. Plymouth Rock Squab Co.*, 213 F. 449 (1st Cir. 1914).

Section 455 is a broader statute in that it applies to members of the Supreme Court, to members of the Courts of Appeals, to district judges, to federal magistrates and bankruptcy judges.

Section 455(a) provides that any Supreme Court justice, any judge of a Court of Appeals, any district judge, federal magistrate, or bankruptcy judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." And § 455(b) provides that such judicial officer shall also disqualify himself in any of a number of stipulated circumstances. Section 455(b)(1) requires disqualification where the judge in question has a personal bias or prejudice with respect to a party to the litigation or personal knowledge of a disputed evidentiary fact concerning the case. Section 455(b)(5)(i) calls for disqualification if a judge is a party to the proceeding.

As far as § 455(b)(1) is concerned, no member of this panel has any personal bias or prejudice with respect to either of the plaintiffs, and, indeed, no member of the panel is acquainted with either of the plaintiffs. Judge Garza considered plaintiffs to be sincere in the position that they are assuming, and this panel also so considers them.

For sake of argument, it may perhaps be conceded to the plaintiffs that in a case of this kind the impartiality of any judge called upon to decide it "might reasonably be questioned," since judges are members of the legal profession, and it is that profession which is being attacked by plaintiffs. And as noted the members of this panel were named as parties to this lawsuit.

However, the principles incorporated in §§ 144 and 455 contemplate the ordinary situation in which if a judge is disqualified, he may be replaced by one who is not disqualified. Those principles can hardly be considered applicable to a situation in which a plaintiff has deliberately chosen to adopt a course of procedure which might disqualify every federal judge in the country.

■ While the principles that have been mentioned are salutary, they must in instances yield to necessity. As Judge Garza put it:

---

1. This case does not involve any question of the right of a litigant to represent himself in a civil or criminal case or to refuse counsel in such a case. The existence of that right is conceded by everyone.

2. All three of the members of the panel were named as defendants but none was served with process.

3. In the introductory part of his opinion Judge Garza pointed out that as it happened he was one of the few district judges who were not named as defendants, and he attributes his omission to the fact that plaintiffs had entertained the thought that he was favorable to their position. 407 F.Supp. at 457.

. . . [T]here is a maxim of law to the effect that where all are disqualified, none are disqualified. *Evans v. Gore,* 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887 (1920). The theory supporting this maxim is that if disqualification operates so as to bar justice to the parties and no other tribunal is available, the disqualified judge or judges may by necessity proceed to judgment. 48 C.J.S. Judges § 74.

407 F.Supp. at 483.

■ We consider that maxim to be applicable to this case, and we hold that we are not disqualified to consider the appeal.

■ As far as the merits are concerned, we have given careful consideration to the well reasoned opinion of the district court and can add nothing substantial to what was said in that opinion. We affirm on the basis of it.

Affirmed.