802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Eddy T. PERRY, Defendant-Appellant.
 No. 85-5311.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Defendant-Appellant, Eddy T. Perry, was convicted of failing to file federal income tax returns and supplying a false withholding statement to his employer, in violation of 26 U.S.C. Secs. 7203 and 7205. Perry elected to represent himself at trial and asked the district court to allow him to have a friend, a non-lawyer, sit with him at the defense table. The district court denied Perry's request but offered to recess the proceedings, as appropriate, to allow Perry to consult with his friend. At trial, Perry made one request for a recess to consult with his friend; the trial court granted the request.
 
 
 2
 Perry appeals from his conviction, contending that the district court's refusal to allow his friend to sit with him at the defense table violated his Sixth Amendment right to assistance of counsel. We disagree.
 
 
 3
 This Circuit, in United States v. Whitesel, 543 F.2d 1177 (6th Cir. 1976), cert. denied 431 U.S. 967, reh. denied 434 U.S. 881 (1977), held that the Sixth Amendment does not prevent courts from determining the qualifications of those who practice law and that courts may limit such practice to members of the bar. Thus, the district court did not violate Perry's Sixth Amendment rights by denying his request to have his friend "assist" him from the defense table. Perry's argument based on his historical interpretation of the meaning of "assistance of counsel" is quite ably refuted by District Judge Garza's.discussion of the history of attorney qualification in Turner v. American Bar Association, 407 F.Supp. 451, 474-79 (N.D.Tex., W.D.Pa., N.D.Ind., D.Minn., S.D.Ala., & W.D.Wis.1975), aff'd sub nom. Pilla v. American Bar Association, 542 F.2d 56 (8th Cir. 1976).
 
 
 4
 While we conclude that a defendant has no Sixth Amendment right to the assistance of non-lawyer friends, a court may allow such assistance as an exercise of its discretion. See Whitesel, 543 F.2d at 1180 n.3 (citing United States v. Stockheimer, 385 F.Supp. 979 (W.D. Wis. 1974), aff'd 534 F.2d 331 (7th Cir.), cert. denied 429 U.S. 966 (1976) ). Here, however, Perry does not contend, nor does this court conclude, that the district court abused its discretion.
 
 
 5
 Accordingly, we AFFIRM the conviction.